(March 9, 1891.)

## STUFFLEBEAM ET UX. v. MONTGOMERY ET UX.

[26 Pac. 125.]

PUBLIC NUISANCE—BILL OF EXCEPTIONS—SPECIAL DAMAGES.—If a bill of exceptions is presented for settlement after the trial of the cause, and is certified to as correct by respondent's attorneys, and such bill is thereafter settled by the judge and used on the hearing of the motion for a new trial, it is too late for the respondents to raise the objection, for the first time in this court, that such bill was not settled in time.

OBSTRUCTION OF PUBLIC STREET—PUBLIC AND PRIVATE NUISANCE DISTINGUISHED—SPECIAL DAMAGES.—To maintain an action for special damages, caused by an obstruction of a public street, constituting a public nuisance, a plaintiff must allege in his complaint and establish facts showing that he has sustained special damages of a different kind and character than the damages sustained by the public.

(Syllabus by the court.)

APPEAL from District Court, Bingham County.

John T. Morgan and T. M. Stewart, for Appellants.

To authorize plaintiffs to sue, they must have suffered an injury different in kind from that sustained by the public at large. (*Bigley v. Nunan,* 53 Cal. 403; *Jarvis v. Railroad Co.,* 52 Cal. 438; *Marini v. Graham,* 67 Cal. 130, 7 Pac. 442; *Ranch Co. v. Brooks,* 74 Cal. 463, 16 Pac. 250; *Mehrhof Bros. Brick Mfg. Co. v. Delaware etc. R. Co.,* 51 N. J. L. 56, 16 Atl. 12; *Innis v. Railway Co.,* 76 Iowa, 165, 40 N. W. 701.) To authorize plaintiffs to sue, there must be injury actual, present, special and peculiar to plaintiffs. (Wood's Law of Nuisance, 646, 659; *Clark v. Railway Co.,* 70 Wis. 593, 5 Am. St. Rep. 187, 36 N. W. 328; *Rude v. City of St. Louis,* 93 Mo. 408, 6 S. W. 258.) Injunction will not be issued on application of an individual to prevent perpetration of an act prohibited by a public statute merely because it might diminish profits of a trade or business. (*Smith v. Lockwood,* 13 Barb. 209; *Brainard v. Railroad Co.,* 7 Cush. 506; *Hughes v. Railroad Co.,* 2 R. I. 494; Angell & Durfee on Highways, 284.) In

an action by a private party, based on acts constituting public nuisances, depreciation of value of property can never be considered. (*Hopkins v. Railroad Co.,* 50 Cal. 194; *Severy v. Railroad Co.,* 51 Cal. 195; *Bigley v. Nunan,* 53 Cal. 404.) When a party has been admitted as a witness he is a witness for all purposes, and may testify as to any question of fact material to the issue, and therefore as to his own intent in any act done by him. (*Seymour v. Wilson,* 14 N. Y. 567; *Forbes v. Waller,* 25 N. Y. 439; *McKown v. Hunter,* 30 N. Y. 628; *Kerrains v. People,* 60 N. Y. 229, 19 Am. Rep. 158; *Manufacturers' etc. Bank v. Koch,* 105 N. Y. 630, 12 N. E. 9; *Ross v. State,* 116 Ind. 495, 19 N. E. 451.) To constitute a dedication of public highways, an intention on the part of the owner to dedicate is absolutely essential, and it must be clearly and unequivocally manifested. (Angell & Durfee on Highways, 142; *Indianapolis v. Kingsbury,* 101 Ind. 200, 213, 51 Am. Rep. 749; *Gage v. Railroad Co.,* 84 Ala. 224, 4 South. 415; *City of Shreveport v. Drouin,* 41 La. Ann. 867, 6 South. 656; *Holdane v. Village of Cold Spring,* 21 N. Y. 474.) Silent acquiescence in use is not sufficient to show dedication. (3 Kent's Commentaries, 451; *Bigelow v. Hillman,* 37 Me. 52; *Hoole v. Attorney General,* 22 Ala. 190; *Noyes v. Ward,* 19 Conn. 250; *Cyr v. Madore,* 73 Me. 53.)

Hawley & Reeves, for Respondents.

That which is a public nuisance may also be a private nuisance to a particular individual by inflicting upon him special and peculiar damages, and in such case the individual can maintain his action. (Wood's Law of Nuisance, sec. 16 et seq.; *Powers v. Irish,* 23 Mich. 429; *Cooper v. Randall,* 59 Ill. 318; *Grisby v. Water Co.,* 40 Cal. 396; *Aram v. Schallenberger,* 41 Cal. 449; *Payne v. McKinley,* 54 Cal. 532; *Schultze v. North Pac. Transp. Co.,* 50 Cal. 592; *Severy v. Railroad Co.,* 51 Cal. 194; *Venard v. Cross,* 8 Kan. 248; *Brown v. Watson,* 47 Me. 161, 74 Am. Dec. 482.) The owner of a public house can maintain an action for a nuisance by which the public are deterred from visiting the house. (*Bonner v. Welborn,* 7 Ga. 296; *Cooper v. Randall,* 59 Ill. 318; *Railroad Co. v. Knapp,* 42 Ala. 480.) Where the injury complained of is a constantly recur-

ring grievance, or where the nuisance is not susceptible of adequate compensation in damages, injunction is the proper remedy. (Story's Equity Jurisprudence, 925; High on Injunctions, sec. 761 et seq.; 4 Field's Lawyer's Briefs, 647; *Corning v. Nail Factory,* 40 N. Y. 191; *Arnold v. Klepper,* 24 Mo. 273; *McCord v. Iker,* 12 Ohio, 387; *Porter v. Witham,* 17 Me. 292.) The use of the land by the public, with the knowledge and consent of the owner, will be considered proof of dedication, and, if such use extend over a term of years, the *animus dedicandi* is presumed, and the owner is estopped to deny his prior dedication. (*State v. Catlin,* 3 Vt. 530, 23 Am. Dec. 230; *Wilson v. Sexon,* 27 Iowa, 15; *City of Chicago v. Wright,* 69 Ill. 318; *Cemetery Assn. v. Meninger,* 14 Kan. 312; *Hall v. McLeod,* 2 Met. (Ky.) 98, 74 Am. Dec. 400; *Heirs of David v. City of New Orleans,* 16 La. Ann. 404, 79 Am. Dec. 586; *Morrison v. Marquardt,* 24 Iowa, 35, 92 Am. Dec. 444.) User by the public is a sufficient acceptance. (*San Francisco v. Canavan,* 42 Cal. 543; *Buchannen v. Curtis,* 25 Wis. 99, 3 Am. Rep. 23.)

SULLIVAN, C. J.—This action was brought by the respondents to abate a public nuisance, which it is claimed plaintiffs had created by the erection of a certain building on certain lands lying between the west side of West Main street and the Utah and Northern Railway track, in the town of Blackfoot, Bingham county, state of Idaho. The plaintiffs allege in their complaint and amendment thereto substantially as follows: That plaintiffs are husband and wife, and have been such during all the times mentioned in said complaint, and are living together as such; that they are the owners and in the possession of lots 1 and 20 in block 28 in said town of Blackfoot; that there are situated upon said lots certain buildings owned by and in the possession of plaintiffs, and used by them for hotel and restaurant purposes; that said property is situated on the west side of West Main street in said town; that said street extends in a northerly direction through said town, and is one hundred feet in width throughout its entire length, and was and has been for more than twelve years prior to the commencement of this suit used, appropriated, and dedicated as a public street; that the Utah and Northern Railway Com-

pany own a strip of land two hundred feet wide, extending through said town, and bordering on the easterly side of said West Main street, on which strip of land are situated the road-bed, track, depot, and other buildings of said company; that said corporation is a common carrier, and its trains stop at the depot in said town of Blackfoot, to receive and discharge mail and passengers; that said depot and other buildings of said railroad company are situated easterly of the above-described lots, and that there are no obstructions or impediments to travel or to the sight between said points, except those placed there by the defendants; that in the year 1890 the defendants commenced the erection of a frame building easterly and southerly from said lots and buildings of plaintiffs, and the said depot and place where passengers leave and enter the cars running upon said railroad, and continued to erect said building, and have maintained the same thereon; that by reason of said building so erected by the defendants travel in and upon and across said street has been impeded and obstructed, and communication made more difficult between said railroad depot and grounds and that part of said town situated west of said West Main street; that all the people of said Bingham county residing in and about said town of Blackfoot have been delayed and damaged by reason of the erection and maintenance of said building by the defendants as aforesaid; that, beside being injured and damaged thereby, and in common with other people and residents of said town of Blackfoot, the plaintiffs have been specially injured and damaged by reason that travelers visiting said town are unable to readily see and determine the location of plaintiffs' said hotel and restaurant, and in consequence thereof such travelers have become the guests of other hotels, to plaintiffs' damage in the sum of $100; that in consequence of said building erected and maintained as aforesaid, the said property of plaintiffs has become lessened and depreciated in value, to their damage in the sum of $100, and that the erection and maintenance of said building is a nuisance to the people of said town of Blackfoot and vicinity; that plaintiffs have requested defendants to remove said buildings, and they have refused to do so; that plaintiffs are without adequate remedy at law; that no pecuniary damages

would be adequate compensation to plaintiffs, and that defendants are insolvent. Plaintiffs demand judgment for $200 damages and costs of suit, and that defendants be perpetually restrained from maintaining said building, and that the same be declared a nuisance, and that an order for its abatement be made. The defendants deny that West Main street in said town of Blackfoot is one hundred feet wide, or is, or ever was, of any greater width than sixty-six feet. They aver that the store building and warehouse of W. H. Danilson is ten feet and five inches upon the thirty-four feet which plaintiffs aver to be a part of said street; that said store has been so located during eleven years last past; and denied each and every allegation in said complaint; and aver that said building, erected as aforesaid, is situated on defendants' private property, and that said ground on which said building is situated was never claimed as part of said West Main street to their knowledge, and that plats of said town, made for W. C. Lewis, W. N. Shilling, and W. H. Danilson (each for portions of said town), show the streets of said town to be but sixty-six feet wide; and that the stockpen of said Utah and Northern Railway Company has stood for eighteen months immediately prior to the commencement of this suit twenty-two feet upon the thirty-four feet claimed by plaintiffs as a part of said West Main street. This cause was tried by the court without a jury on the nineteenth day of July, 1890. Judgment was entered in the court below in favor of the plaintiffs on the twenty-ninth day of July, 1890. Thereupon the defendants moved for a new trial, which motion was overruled, and from the order overruling said motion this appeal was taken. The appeal is presented on a bill of exceptions and statement.

The first assignment of error contained in appellants' brief is as follows: "First. The order of the court overruling defendants' objections to the introduction of any evidence, for the following reasons, to wit: 1. That the complaint does not state any cause of action in favor of the plaintiffs and against the defendants; 2. That the plaintiffs have no suit for the town of Blackfoot at large, and no right to introduce evidence for damages to it, and have no action for special damages to themselves." The respondents contend that said assignment

of error cannot be considered by this court, for the following three reasons: "1. That this is an appeal from the order refusing a new trial alone; 2. That no reference is made to such alleged error in the notice of motion for a new trial; 3. That the bill of exceptions herein cannot be entertained here, and is not before the court, as it was not filed in time, and no extension of time was granted for said bill of exceptions." It appears from the record that the bill of exceptions was served on the attorneys for the respondents on November 14, 1890, and on the third day of December, 1890, was certified to by said attorneys as correct, and was on said date settled by the district judge. The record further shows that said district judge made the following order overruling appellants' motion for a new trial, to wit:

"Now, upon this third day of December, 1890, the motion of the defendants for vacation of decision and granting of new trial herein coming regularly on to be heard before the judge at chambers upon their statement and bill of exceptions heretofore settled and on file herein, said motion being submitted for decision, and the judge being fully advised thereon, it is hereby ordered that said motion for vacation of decision and for new trial be, and the same is hereby, overruled.

"D. W. STANROD,
"Judge.
"Filed December 3, 1890."

It is thus shown that the respondents had full knowledge of the contents of said bill of exceptions, and certified to it as correct on the third day of December, 1890, and on that date said bill was settled and signed by the district judge. On the same date the motion for new trial was submitted for hearing on said bill of exceptions and statement. The record contains no objection or exception by respondents to the settlement of said bill of exceptions, nor to its being submitted to the judge at the hearing of the motion for new trial. The respondents had knowledge of the fact that appellants would apply to the judge to have said bill of exceptions settled. Respondents' attorneys certified to the correctness of said bill of exceptions, and permitted it to be used on the hearing of appellants' mo-

tion for new trial, without objection. The respondents, by said acts, waived their right to said objection. (Hayne on New Trial and Appeal, secs. 27, 145; *Higgins v. Mahoney*, 50 Cal. 444.) We think that section 4443 of the Revised Statutes is conclusive in this matter. Said section enumerates the papers that constitute the record on appeal, to wit, the judgment-roll and affidavits, or the records and files in the action, or bill of exceptions, or statement used on hearing of the motion for new trial. The order overruling the motion for a new trial recites the fact that said bill of exceptions was used on said hearing, and is therefore properly before this court for consideration.

The first error assigned by the appellants is the order of the court overruling the objection to the introduction of any evidence whatever, for the reason that the complaint does not show any cause of action in favor of the plaintiffs and against the defendants. To entitle plaintiffs to recover for injuries sustained from a public nuisance they must first allege in their complaint facts clearly showing that they have sustained special or peculiar damages, damages different in kind and character from the rest of the public, so that such damage cannot fairly be said to be a part of the common injury resulting from such nuisance. (Wood's Law of Nuisance, sec. 646; *Bigley v. Nunan*, 53 Cal. 403.) Will the complaint in this action, when measured by the rule above indicated, bear the test? The only allegation of special damage or injury contained in said complaint is as follows, to wit: "That, besides being injured and damaged thereby and in common with other people and residents of said town of Blackfoot, these plaintiffs herein have been specially injured and damaged by reason thereof in this: that on account thereof travelers visiting said town of Blackfoot are unable to readily and easily see and determine the location of said hotel and restaurant of the plaintiff, and in consequence thereof such travelers have still continued to become the guests of other hotels and restaurants in said town of Blackfoot situate and being, instead of the guests and patrons of the plaintiff, and that in consequence thereof the plaintiffs have been damaged in the sum of $100; that, in consequence of said building being

erected and maintained, the said property has become lessened and depreciated in value, to their damage in the sum of $100; that the erection and maintenance of said building aforesaid is a nuisance to the people in the said town of Blackfoot and vicinity generally, in this: that it is an obstruction to the free passage and use in the customary manner of said West Main street." This allegation shows that said obstruction is a public nuisance, but does not show that respondents have sustained an injury different in kind or character from that sustained by the public or other business men located in the vicinity of respondents' hotel. The allegation of special damages would equally apply to other business men situated in said vicinity—that by reason of the erection of said building the merchants and other dealers have sustained special damages because passengers leaving the trains could not as readily and easily see their places of business, and by reason thereof go to other places of business. We are of the opinion that, if said allegations of special damage were fully established by the evidence, the respondents would not be entitled to any relief in this action. In cases of this kind the authorities are very numerous which hold that no person can maintain an action for damage from a common nuisance, where the injury and damage are common to all. The reason for this rule is that, if private persons were permitted to maintain suits to abate a public nuisance, it would lead to a multiplicity of suits. Wood, in his excellent work on the Law of Nuisance (section 646) says: "Therefore the courts very wisely have unswervingly adhered to the rule that an individual, in order to be entitled to a recovery for injuries sustained from a public nuisance, must make out a clear case of special damages to himself, apart from the rest of the public, and of a different character, so that they cannot be fairly said to be a part of the common injury resulting therefrom. It is not enough that he sustained more damage than another; it must be of a different character, special and apart from that which the public in general sustain, and not such as is common to every person who exercises the right that is injured." The respondents allege that said building is in a public street, and is a public nuisance. If this allegation be true, the Revised

Statutes, section 960 et seq., provide the method and manner for the removal of such obstructions. Section 961 provides the manner of giving notice to the person causing such obstruction to remove the same. Section 962 fixes the penalty for failure to remove such obstruction; and, in case that the encroachment upon such street is denied, section 963 directs the road overseer to commence an action in the proper court to abate the same as a nuisance. This statute was enacted for the purpose of removing obstructions from highways, and such obstructions as are public nuisances, and was intended to prevent a multiplicity of suits. We are of the opinion that the complaint does not state a cause of action in favor of the plaintiffs. With this view of the case it is not necessary for this court to consider any other questions raised on this appeal. The cause is reversed, and remanded for dismissal.

Morgan, J., having been of counsel for the defendants in the court below, took no part in the hearing or decision of this case.

Huston, J., concurs.