Points Decided.

(January 24, 1912.)

## L. M. KELLEY, Respondent, *v*. C. K. CLARK, Appellant.

[121 Pac. 95.]

APPEAL—MOTION TO DISMISS—MOTION FOR NEW TRIAL—HEARING—
WHAT CONSIDERED—STENOGRAPHER'S TRANSCRIPT—RECORD ON AP-
PEAL.

(Syllabus by the court.)

1. Under the provisions of sec. 4441, as amended by an act of February 25, 1911, Sess. Laws 1911, p. 377, a person intending to move for a new trial must within ten days after the verdict of the jury or after notice of the decision of the court or referee, file with the clerk and serve upon the adverse party "notice of his motion designating the grounds upon which the motion will be made, and whether the same will be made upon affidavits, or the records and files in the action, or the minutes of the court." The notice provided for under the statute is a notice of the motion for a new trial, and such notice must designate the grounds upon which the motion will be made, and the motion for a new trial follows after the notice, and may be oral or in writing, and is not required to be in any particular form, or to state the grounds upon which the same is made.

2. Under the provisions of sec. 4442, as amended by the act of February 25, 1911 (p. 377, Sess. Laws 1911), an application for a new trial shall be heard at the earliest practicable time after the notice of the motion, if the motion is to be heard upon the minutes of the court, or in other cases after the affidavits are filed, and may be brought to a hearing upon motion of either party.

3. At the hearing of a motion for a new trial, reference may be had in all cases to the pleadings and orders of the court on file, and when the motion is made on the minutes, reference may be had to any depositions, documentary evidence and phonographic reports of the testimony on file.

4. Sec. 4442 of the act of February 25, 1911, does not require the reporter's notes to be transcribed and certified to before the motion is made, but does provide that upon hearing, the phonographic report or stenographer's notes on file may be used, if the motion is heard upon the minutes of the court.

5. The transcription of the stenographer's notes prepared and settled in accordance with the provisions of sec. 4434, Rev. Codes,

as amended, is made for the purpose of being used as a part of the record on appeal, and takes the place of the statement and bill of exceptions, prepared under the Revised Codes before such section was amended, but is not required to be made and settled before the motion for a new trial is heard.

6. Under the provisions of sec. 4442, the phonographic report of the testimony on file means the stenographic report of the stenographer, or the stenographer's notes, and not the transcription of the testimony by such stenographer, and upon a hearing upon motion for a new trial, when made upon the minutes of the court, the sufficiency of the evidence and the questions arising during the trial and the matters contained in the reporter's notes may all be referred to, and the court may determine such questions from his recollection of what took place and from his own minutes kept of the proceedings, and by reference to the stenographer's notes, without waiting for a transcript of the proceedings and evidence as transcribed by the stenographer.

7. Under the provisions of sec. 4442, as amended, a motion for a new trial may be brought to a hearing upon motion of either party, and the respondent has the same right to bring the motion for a new trial to a hearing as the appellant, and if the appellant does not ask that the motion be called up or heard until after the stenographer's notes have been transcribed, and after such notes have been transcribed said hearing upon the motion for a new trial is heard, and the respondent makes no objection to the hearing of the motion for a new trial at the time on the ground that there has been an unreasonable delay, the respondent waives any objection to such hearing and cannot complain for the first time in this court on the ground that there was an unreasonable delay on the part of the appellant in bringing such motion to a hearing.

8. The various sections of the statute amended by chapters 117, 118 and 119 of the Laws of 1911 do not require the reporter's transcript to contain the specifications of error of the insufficiency of the evidence to support the verdict, and such specifications are not required to be stated in the transcript on appeal, except as stated in the notice of the motion. Under the provisions of sec. 4443 of the codes as amended, the notice of motion for a new trial is a part of the files and part of the record required to be furnished to this court on appeal and is used upon the hearing, and under the provisions of sec. 4441, as amended, such notice is required to specify the particulars in which the evidence is alleged to be insufficient.

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. John F. MacLane, Judge.

An action to quiet title. Motion to dismiss appeal. Motion overruled.

Martin & Martin, B. F. Neal, and Dean Driscoll, for Appellant.

Under all of the prior decisions of this court the record shows due diligence in bringing motion for new trial to hearing. (*Leggett v. Evans,* 16 Ida. 760, 102 Pac. 486; *Farmers' Co-op. Ditch Co. v. Riverside etc. Co.,* 16 Ida. 525, 102 Pac. 481; *Smith v. Am. Falls Co.,* 15 Ida. 89, 95 Pac. 1059; *McCrea v. McGrew,* 9 Ida. 382, 75 Pac. 67.)

Even though this court should find that appellant should have had his motion for new trial passed upon before the settlement of transcript, the failure so to do is waived by the acquiescence of respondent. (*Stufflebeam v. Montgomery,* 3 Ida. 20, 26 Pac. 125; *Lockhart v. Rollins,* 2 Ida. 540 (503), 21 Pac. 413, 16 Morr. Min. Rep. 16; *Van Camp v. Emery,* 13 Ida. 202, 89 Pac. 752; *Richardson v. Bohney,* 18 Ida. 328, 109 Pac. 727; *Leggett v. Evans,* 16 Ida. 760, 102 Pac. 486.)

Laches in failing to bring motion for new trial to hearing promptly under a statute similar to subd. 2 of sec. 4441 as amended by act of 1911 is waived if not objected to in the lower court. (*Cereghino v. Cereghino,* 4 Utah, 100, 6 Pac. 523; *Fletcher v. Nelson,* 6 N. D. 94, 69 N. W. 53; *Anderson v. Bank,* 5 N. D. 80, 64 N. W. 117; *Plano Mfg. Co. v. Jones,* 8 N. D. 315, 79 N. W. 338.)

The subsequent certificate of the trial judge, showing what papers, records, files, etc., were before him and considered by him in passing on appellant's motion for new trial, cures omission of certificate in statement. (*Libby v. Spokane etc. Co.,* 15 Ida. 467, 98 Pac. 715; *Hall v. Jensen,* 14 Ida. 165, 93 Pac. 962.)

If an application be made at the hearing to correct certificate, or to file a new certificate, to make same show the fact,

it is in time. (*Barrow v. Lewis L. Co.*, 14 Ida. 698, 95 Pac. 882; *Knutsen v. Phillips*, 16 Ida. 267, 101 Pac. 596.)

A. A. Fraser, and R. R. Wedekind, for Respondent.

Under the old law the motion for a new trial could be made upon the minutes of the court, the same as it can now, and without the preparation of any statement. The California code is the same as our original code. (*Malcolmson v. Harris*, 90 Cal. 262, 27 Pac. 206. See, also, *State v. District Court*, 38 Mont. 119, 99 Pac. 141.)

The motion to strike from the transcript certain portions thereof should be granted, as the same forms no part of the record on appeal. (*Naylor v. Lewiston Ry. Co.*, 14 Ida. 780, 96 Pac. 573; *Steve v. Bonners Ferry Lumber Co.*, 13 Ida. 384, 92 Pac. 363; *Humphrey v. Whitney*, 17 Ida. 14, 103 Pac. 389.)

The record must contain the identical papers used on motion for a new trial or the appeal from the order will be dismissed. (*Kootenai County v. Hope Lbr. Co.*, 13 Ida. 268, 89 Pac. 1054; *Steve v. Bonners Ferry Lumber Co.*, 13 Ida. 384, 92 Pac. 363.) The statement in this case must be disregarded, as it does not contain any specification of the particulars in which the evidence is alleged to be insufficient to sustain the decision of the court. (*Hole v. Van Duser*, 11 Ida. 89, 81 Pac. 109; *Later v. Haywood*, 14 Ida. 45, 93 Pac. 374; *Humphrey v. Whitney, supra.*)

STEWART, C. J.—This is an action to quiet title to lot 4, block 84 of Boise City, Idaho. The cause was tried to the court and judgment rendered. A motion for a new trial was made and overruled, and this appeal is from the judgment and the order overruling the motion for a new trial. A motion was made in this court to strike from the transcript certain portions thereof and to dismiss the appeal both from the judgment and from the order overruling the motion for a new trial. It is conceded by both parties that the appeal from the judgment must be dismissed, and we will not, therefore, discuss that question, but will consider the real question in the

case, whether the appeal from the order overruling the motion for a new trial should be dismissed. The grounds upon which the motion to dismiss the appeal from the order is based are as follows: First, because no motion for a new trial was served and filed within ten days after the notice of the decision of the trial court; second, because the motion for a new trial herein was not brought on for hearing within sixty days after entry of judgment in said action; third, because said application for a new trial herein was not made in the manner or method provided by law; fourth, because the statement of the case set forth in the transcript does not specify wherein the evidence is insufficient to support the judgment or decree of the court; fifth, because the record does not contain all the records, proceedings, files or papers used and considered by the trial court upon the hearing of the motion for a new trial.

The last objection has been cured by certificate from the trial judge who passed upon the motion, certifying as to the papers used by the judge upon the hearing of said motion, and it is now conceded that such papers and records and files are included within the transcript.

As to the first objection: This appeal is taken under the provisions of an act of the legislature, approved February 25, 1911, Laws of 1911, p. 377, designated as chapter 118. The first paragraph of sec. 4441 of the above act amends the same section of the Rev. Codes by changing the word "intention" used in the original section to the word "motion" in the amended section, so that the amended section reads: "The parties intending to move for a new trial must within ten days after the verdict of the jury . . . . or after notice of decision of the court or referee . . . . file with the clerk and serve upon the adverse party a notice of his motion designating the grounds upon which the motion is made," and thus changes the original statute, requiring service of "notice of his intention, designating the grounds upon which the motion will be made," to "notice of motion, designating the grounds upon which the motion will be made." It will thus be seen that the notice to be given under the amended statute is a

notice of the motion for a new trial, and such notice shall designate the grounds upon which the motion will be made, and this is the notice that is required to be served within ten days. The motion for the new trial follows afterward, and the statute does not require it to be in any particular form. It may be oral, or it may be in writing, but the grounds upon which such motion is made must be stated in the notice of such motion, and need not be stated in the motion itself. This "notice of motion" as used in the amended statute takes the place of the "notice of intention" as provided in the original section.

In the case of *Storer v. Heitfeld,* 17 Ida. 113, 105 Pac. 55, in discussing the question of a motion for a new trial, this court held: "While our statute does not require that a formal motion for a new trial shall be in writing, yet it contemplates a motion for a new trial, and when such motion is put in writing and filed as a part of the records in the case, we think it proper to include the same as a part of the transcript; and that a formal motion, while not required, is a very commendable practice." What is here said applies to the provisions of the act of 1911, the same as it did apply to the statute before amended. There is no merit, therefore, in the first contention of respondent.

It is next contended that the motion for a new trial was not brought on for hearing within sixty days after the entry of judgment. It is provided in sec. 4442 of the act of February 25, 1911, that "the application for a new trial shall be heard at the earliest practicable period after notice of the motion, if the motion is to be heard upon the minutes of the court, and in other cases, after the affidavits are filed, and may be brought to a hearing upon motion of either party." This amended section, it will be seen, fixes no specific time within which a motion for a new trial shall be heard, but does require that it be heard at the earliest practicable period after the notice of motion is served, when made upon the minutes of the court, and in other cases after the affidavits are filed. Upon such hearing of such motion reference may be had in all cases to the pleadings and orders of the court on

file, and when the motion is made on the minutes reference
may be had to any depositions, documentary evidence and
phonographic reports of the testimony on file. Under the
original statute the application for a new trial was required
to be heard at the earliest practicable period after the motion
when made upon the minutes of the court, and in other cases
after the affidavits, bill of exceptions or statement, as the
case might be, are filed. Before amendment, provision was
made for the preparation of bills of exceptions or statements
of the case to be prepared, and time within which such bills
of exceptions or statements might be prepared, and such state-
ments and bills of exceptions were thereby required to be pre-
pared before the motion for a new trial could be heard.
Under the amendment of 1911, however, the provisions of
the original section as to bills of exceptions and statements
of the case have been omitted, and a bill of exceptions or
statement is not required, and therefore time for the prepara-
tion of such is not required, and the motion for a new trial
may be made in all cases on the pleadings and orders of the
court on file, and when the motion is made on the minutes of
the court, reference may be had to depositions, documentary
evidence and phonographic reports of the testimony on file.

Under the provisions of sec. 4442, the motion for a new
trial must be heard at the earliest practicable period after
the notice of the motion, and may be brought to a hearing
upon the motion of either party. There is no provision of the
statute which requires that before such hearing is had the
reporter's notes shall be transcribed and certified to as such.
The only purpose for which the stenographer's notes are now
required and authorized to be transcribed is for review on
appeal, as provided by sec. 4434 as amended by an act of
February 25, 1911, Sess. Laws 1911, p. 379. This section
provides: "Any party desiring to procure a review on appeal
to the supreme court of any ruling of the district court made
during the trial, or the sufficiency of evidence to sustain the
verdict or decision, in an action or special proceeding, may,
in lieu of preparing, serving, and procuring the settlement
of a bill of exceptions as in this chapter provided, procure a

transcript of the testimony and proceedings, including the instructions given or refused, and exceptions thereto, on the trial, or such part thereof as may be necessary, in the following manner''; that application shall be made to the district judge for an order directing the reporter to prepare such transcript, or the portion required, and the order of the trial judge shall be filed with the clerk of the district court, and a copy shall be served upon the reporter, and after payment, etc., the reporter is required to forthwith prepare said transcript and to complete the same and lodge the original copy with the clerk of the district court within such time as the district judge may by order allow, and the reporter shall append to the transcript his certificate that the same is a true and correct copy of the testimony taken at the trial, or such part thereof as is designated by the order. It will thus be seen that this transcript of the testimony taken by the reporter is made upon the order of the trial judge and in such time as the judge shall fix. After the reporter's notes are thus transcribed and certified to by him, he is required to lodge with the clerk the original and four carbon copies, and time is given for correction of errors, and a hearing is had, and the transcript of the stenographer's notes is settled and has the force and effect of a bill of exceptions duly settled and allowed, and shall be deemed adequate to present for review any ruling appearing thereon to have been excepted to, and under the provisions of sec. 4418, as amended by an act of the legislature approved February 25, 1911, Sess. Laws 1911, p. 375, ''on an appeal from a final judgment the appellant must furnish the court with copy of the notice of appeal, of the judgment-roll and of any bill of exceptions or reporter's transcript prepared and settled as prescribed in sec. 4434''; and under the provisions of sec. 4443, as amended by an act approved February 25, 1911, Sess. Laws 1911, p. 378, ''the judgment-roll and the affidavits, or the records and files in the action; . . . . as the case may be, used on the hearing, with a copy of the order made, shall constitute the record to be used on appeal from the order granting or refusing a new trial, unless the motion be made on the minutes of the court,

and in that case the judgment-roll and a reporter's transcript prepared in the manner prescribed by sec. 4434 of these codes, with a copy of the order, shall constitute the record on appeal.'' It thus appears from these provisions of the statute that the transcribed notes of the stenographer are only required to be made and used upon appeals, either from the judgment or from the order upon motion for a new trial. The hearing of the motion for a new trial, however, may be brought on by either party, and upon such hearing reference may be had in all cases to the pleadings and orders of the court on file, and when the motion is made on the minutes, reference may be had to any depositions, documentary evidence and phonographic reports of the testimony on file. The phonographic report of the testimony on file, as the words are used in sec. 4442, means the stenographic report or shorthand notes of the stenographer and not the transcription of the testimony taken by such stenographer. On the hearing of the motion, when made upon the minutes of the court, the sufficiency of the evidence and the questions arising during the trial and the matters contained in the reporter's notes, may all be referred to and the court may determine such questions from his recollection of what took place and from his own minutes kept of the proceedings, and by reference to the stenographer's notes, without waiting for a transcript of the proceedings and evidence as transcribed by the stenographer.

· The object and purpose of these various amendments to which reference has been made in this opinion was to prescribe a speedy and economical method of preparing a case and presenting the same to the supreme court, either upon an appeal from a judgment or a motion for a new trial, and we think the provisions of the statute are perfectly plain and specifically point out the procedure as herein indicated. Under these various amended sections all the questions which were presented to this court upon appeal before amendment may now be presented to this court upon appeal from a final judgment, upon the judgment-roll or any bill of exceptions or reporter's transcript, and upon appeal from an order upon

motion for a new trial, upon the judgment-roll and the affidavits and the records and files in the action, as the case may be, used on the hearing, unless the motion be made on the minutes of the court, and in that case the judgment-roll and the reporter's transcript, prepared and duly settled. We do not mean, however, to hold that the reporter's notes may not be transcribed and used upon the hearing of a motion for a new trial, but do hold that it is not necessary to have the stenographer's notes transcribed before the motion can be heard.

In this case counsel for respondent argues that the motion for a new trial was not brought on for hearing within a reasonable time. Either party to the action can demand a hearing upon a motion for a new trial after notice of the motion, if the motion is to be heard upon the minutes of the court, and in other cases after the affidavits are filed, and the respondent has the same right to bring the motion for a new trial to a hearing after notice as the appellant. In this case the appellant desired to have the reporter's notes transcribed before the hearing was had, and the respondent took no action to bring the motion to a hearing. The files in this case show that the judgment of the lower court was entered on the 30th day of May, 1911, and that the motion for a new trial was heard on August 14, 1911. An affidavit is made by counsel for appellant which shows that the reporter's transcript was completed and certified by the reporter and filed in the office of the clerk on the 10th day of July, 1911, and that on the same day copies were received by appellant's counsel, and on the 14th day such copies were served on respondent's attorneys, and on July 15th affidavits of such service were filed with the clerk; that no errors were asked to be corrected or suggested in the record of the reporter, and that on the 26th day of July appellant's counsel called at the office of the clerk and requested the clerk to deliver the transcript to the judge of said court for settlement, and was informed by the clerk that the judge was absent from the city and county, and requested the clerk to forward the transcript to said judge for settlement; that the clerk informed him that the

judge would be back shortly, and that no time would be gained by forwarding the transcript, and that appellant's counsel were informed that the judge would return on the afternoon of August 8th, and on the following day, August 9th, appellant's counsel called at the office of the clerk and procured the transcript from the clerk and delivered the same, together with the proof of notice, to the judge, and the judge settled the transcript, and on the morning of August 10, 1911, served notice setting motion for new trial for hearing on the 15th, and on the day noticed for hearing, August 15th, the trial judge heard the motion for a new trial and overruled the same. We do not think there was any unusual delay, even conceding that the transcribed notes were to be used upon the hearing of the motion. The appellant certainly did all that he could do to have the stenographer's notes transcribed and settled, and we think the time was not unreasonable, and there was no negligence under the circumstances. It appears that no objection was made at the hearing of the motion for a new trial that the same was not brought on for hearing within a reasonable time, and under the authorities we think that question cannot be raised for the first time in this court, and that counsel has waived such objection. (*Stufflebeam v. Montgomery*, 3 Ida. 20, 26 Pac. 125; *Lockhart v. Rollins*, 2 Ida. 540 (503), 21 Pac. 413; *Leggett v. Evans,* 16 Ida. 760, 102 Pac. 486; *Big Lost River Irr. Co. v. Davidson et al., ante,* p. 160, 121 Pac. 88.)

The next objection urged for a dismissal is that the application for a new trial herein was not made in the manner or method provided by law. There is nothing in this contention. The notice of the motion for a new trial is in proper form, and no particular form is required in the motion itself.

The fourth ground urged for dismissal, because the statement of the case set forth in the transcript does not specify wherein the evidence is insufficient to support the judgment, must also be overruled. There is no provision of the statute which requires the specifications wherein the evidence is insufficient, to be stated in the transcript prepared by the re-

porter. Neither is there any statutory provision requiring such specification to be stated in any other part of the transcript presented to this court, except in the notice of motion for a new trial. Sec. 4441, *supra,* in subd. 4, provides: ''When the motion is to be made upon the minutes of the court, and the ground of the motion is the insufficiency of the evidence to justify the verdict or other decision, the notice of motion must specify the particulars in which the evidence is alleged to be insufficient.'' The specification of errors, therefore, because of the insufficiency of the evidence, must be specified in the notice of the motion for a new trial, but is not required to be set forth in any other part or at any other place in the record upon appeal; and under the provisions of sec. 4443 heretofore referred to the notice of motion for a new trial is part of the files in the case, and is therefore a part of the record required to be furnished this court and to be used upon a hearing in this court.

What has just been said applies to the first reason assigned in the motion to strike from the transcript the notice of intention to move for a new trial. The notice of intention to move for a new trial is a part of the record on file and is part of the record on appeal also. The motion to dismiss the appeal and the motion to strike are both overruled.

Ailshie and Sullivan, JJ., concur.