(December 7, 1918.)

TIMES PRINTING AND PUBLISHING COMPANY, a Corporation, Plaintiff, v. WILLIAM A. BABCOCK, Judge of the District Court of the Fourth Judicial District of the State of Idaho, in and for Twin Falls County, Defendant.

[176 Pac. 776.]

APPEAL—NEW TRIAL—MOTION—WHEN TO BE MADE—NOTICE—EFFECT OF—JURISDICTION.

1. Rev. Codes, sec. 4441, as amended by chap. 118, Sess. Laws 1911, p. 377, provides for a "Notice of Motion for New Trial" in lieu of a "Notice of Intention to Move for a New Trial."

2. There is a substantial compliance with the provisions of Rev. Codes, sec. 4441, as amended, *supra*, even though the words "intends to move for new trial" are used instead of the words "will move," provided the motion for new trial in other respects complies with the statute and adequately informs the defendant as to the grounds of the motion. The court will look to the substance and purpose of the notice in passing upon its sufficiency.

3. A notice of motion for new trial need not designate the time when the motion will be made. The motion is a mere formality and may be made at any time prior to the hearing. The party resisting the application may, upon his own motion, demand a hearing at any time after notice of motion has been filed.

4. The filing of a notice of motion for new trial within the time required by statute continues the jurisdiction of the trial court to rule upon the motion, and this jurisdiction, in the absence of lack of diligence, is not affected by the expiration of the time within which an appeal may be taken from the judgment.

Original proceeding for a writ of mandate. Writ issued.

E. M. Wolfe and J. F. Martin, for Plaintiff.

The record now before the court contains all of the records, papers and files of the case which the court considered, and no other files or records or matters could be certified up to the appellate court. This being true, the court could not give us a consideration upon its merits and could not give us ade-

quate relief. It could do nothing but command the court to hear the motion upon its merits and then let the dissatisfied party bring up the record on the second appeal. No formal action is necessary. (*Kelley v. Clark,* 21 Ida. 231, 121 Pac. 95; *Storer v. Heitfeld,* 17 Ida. 113, 122, 105 Pac. 55.)

As to the contents of notice of motion, see *Andregg v. Oregon Short Line Ry. Co.,* 22 Ida. 437, 126 Pac. 528. In the above case the court uses "Intention to Move" and "Notice of Motion" as if they meant one and the same thing.

Sweeley & Sweeley, for Defendant.

There is a distinction between a notice of a motion and the motion itself, which must be observed. (*Herrlich v. McDonald,* 80 Cal. 472, 22 Pac. 299.)

The judgment in question was entered February 23, 1918, and the time for appeal expired May 24th. It appears, therefore, that the action was no longer pending in the district court, unless its termination was suspended by a proper legal proceeding. "Upon the entry of judgment the jurisdiction of the trial court over the subject matter of the suit and the parties was exhausted unless preserved in the mode authorized by statute." (*White v. White,* 130 Cal. 597, 80 Am. St. 150, 62 Pac. 1062.)

If the motion is not made until after the time of appeal has passed, it cannot be considered, for the reason that the judgment has become final and the court no longer has jurisdiction of the parties or the subject matter. (*Carpenter v. Hart,* 5 Cal. 406.)

The purpose of the amendments of 1911 was to expedite the taking of appeals and the ending of litigation. Prior thereto the time of presenting and hearing of motions for new trials was to an extent a matter of discretion of the trial judge and largely under the control of the movant. Even then, however, this court held that a motion made after the time for appeal had passed was too late. (*McCrea v. McGrew,* 9 Ida. 382, 75 Pac. 67; *Smith v. American Falls Canal Co.,* 15 Ida. 89, 95 Pac. 1059; *Wood v. Tanner,* 15 Ida. 689, 99 Pac. 123, 1053.)

The time mentioned in these decisions within which a motion for a new trial must be made is the same as the time for the taking of an appeal, and for the same reasons that justified them that should be the rule now.    (*Minneapolis Threshing Machine Co. v. Fox* (Utah), 172 Pac. 699.)

BUDGE, C. J.—This is an original proceeding on an application for a writ of mandate to compel the Honorable William A. Babcock, as judge of the district court of the fourth judicial district for Twin Falls county, to pass upon the merits of a motion for a new trial, in a case tried in that court between this plaintiff and one H. M. Sims as defendant.    On February 23, 1918, a final judgment was entered in favor of Sims.    Thereafter, on March 2, 1918, plaintiff filed in said court a paper denominated "Notice of Motion for New Trial," which was in part as follows:

"To H. M. Sims and Sweeley & Sweeley, His Attorneys:

"Please take notice that the plaintiff, Times Printing & Publishing Company intends to *move the court to* vacate and set aside the verdict and decision of the court in the above-entitled case and to grant a new trial of said cause on the following grounds: . . . . "    (Italics ours.)

Another paper, denominated "Motion for a New Trial," bearing date of May 31, 1918, was filed on June 1, 1918, over the objection of defendant Sims.

No order was given for a transcript of the testimony.    No extension of time for making or filing a motion for a new trial was obtained.    No motion for a new trial, other than the paper denominated "Notice of Motion for New Trial," was served upon the defendant, or his attorneys, in connection with the notice, nor prior to May 31, 1918.    No appeal was taken by the plaintiff from the judgment.    It is apparent that more than ninety days had elapsed after the judgment had been entered before the formal motion for new trial was either served or filed.

On August 16, 1918, the time set for hearing the motion for a new trial, the defendant Sims presented objections to

the consideration thereof. The court on August 26, 1918, entered the following order:

" . . . . The court . . . . finds:

"1. That the judgment in said cause was entered February 23, 1918, and that within ten days thereafter, to wit, on the second day of March, 1918, the plaintiff served and filed a paper entitled 'Notice of Motion for New Trial'; that said paper is in fact not a notice of a motion but is a notice of intention to move for a new trial only, and as such does not comply with the laws of Idaho relating to applications for a new trial.

"2. That no copy of a motion for new trial was served with such paper or filed therewith; that no notice is therein given of a time certain when such motion would be offered or made, and that no motion for new trial was in fact made until June 2, 1918.

"Now, therefore, upon each of said grounds and upon the application of the defendant,

"It it ordered: That the motion for new trial herein be and the same is overruled without inquiry into the merits of the same. . . . . "

In the defendant's return to the alternative writ, he states that:

" . . . . It was and is the opinion of this defendant that the judgment in question had become and is final, that said district court had lost jurisdiction of said case and had no legal right or power to entertain or pass upon a motion for a new trial thereof, or to set aside or vacate said judgment, for which reasons this defendant refused to consider said motion on its merits, but instead thereof made and caused to be entered the order . . . . " above recited.

The first question presented for determination is whether the "Notice of Motion for New Trial" complies with Rev. Codes, sec. 4441, as amended by chap. 118, Sess. Laws 1911, p. 377.

The code sections relating to this point, as amended by chap. 118, *supra*, are as follows:

"Sec. 4441.   The party intending to move for a new trial must, within ten (10) days after the verdict of the jury, if the action were tried by a jury, or after notice of the decision of the court or referee, if the action were tried without a jury, file with the clerk and serve upon the adverse party a notice of his motion, designating the grounds upon which the motion will be made. . . . . ''

"Sec. 4442.   The application for a new trial shall be heard at the earliest practicable period after notice of the motion, . . . . and may be brought to a hearing upon motion of either party . . . . ''

Section 4441, prior to the above amendment, provided for the filing and serving of a "notice of intention to move for a new trial," but as we have seen from the amended section, there is no longer any such thing as a "notice of intention," but a "notice of motion for new trial" has been substituted therefor.

The notice cannot be regarded as a model.   It is entitled "Notice of Motion for New Trial," and recites that it is to be heard upon one of the grounds authorized by the statute. All of the grounds upon which the movant expects to rely are specified in the notice, and the words "intends to move" instead of the words "will move," while not technically correct, mean substantially the same thing.   The notice as a whole adequately informs the defendant as to the grounds of the motion, and we think it would be giving the statute too technical a construction to hold that it was not a notice of motion, but a mere notice of intention, a proceeding no longer recognized by the practice.

Defendant insists that the notice of motion for new trial must designate the time when the motion will be made and is governed by the provisions of Rev. Codes, sec. 4882, which reads as follows:

"Sec. 4882.   When a written notice of a motion is required by this code, it must be given, unless a different time is prescribed, . . . . five (5) days before the time appointed for the hearing; . . . . ''

This statute has no application to a notice of motion for new trial. No time is required to be fixed in such notice as to when it will be made, but the statute, sec. 4442, *supra*, expressly provides that the motion "may be brought to a hearing upon motion of either party," at any time after notice of the motion for new trial.

This brings us to the real question at issue. The defendant refused to pass upon the merits of the motion for new trial for the reason that the notice of motion for new trial did not suspend the time within which the judgment became final, that no formal motion for a new trial was filed before the expiration of the ninety-day period within which an appeal might be taken from the judgment, and, therefore, he had lost jurisdiction. The amended sections above quoted nowhere prescribe that a motion for new trial must be made or filed, nor when this shall be done in the event one is filed or made. The provision with respect to the time when the motion for new trial shall be heard does not relate to the making or filing of the motion, but does prescribe that the motion "shall be heard at the earliest practicable period," not after the motion is made or filed, but "*after notice* of the motion," and that the motion "may be brought to a hearing upon motion of either party." It is apparent from a reading of this section that the party resisting the application for a new trial need not wait for the making or filing of a motion, but that he may, upon his own motion, demand a hearing at any time after notice of the motion has been filed. In *Kelley v. Clark*, 21 Ida. 231, 121 Pac. 95, construing the statute as amended this court said:

"Either party to the action can demand a hearing upon a motion for a new trial after notice of the motion, . . . . and the respondent has the same right to bring the motion for a new trial to a hearing after notice as the appellant."

In any event, the motion is a mere formality, and is not required to state the grounds upon which it is made. (*Kelley v. Clark, supra.*) Under the old practice, as it existed before the amendments of 1911, the view seemed to be that a formal

motion was not required. In *Storer v. Heitfeld*, 17 Ida. 113, at p. 122, 105 Pac. 55, the court used the following language:

" . . . . that a formal motion, *while not required,* is very commendable practice." (Italics ours.)

This view seems also to be borne out by *Kelley v. Clark, supra.*

The supreme court of Utah, referring to proceedings on motion for a new trial under similar statutes, in a recent case, said:

"We remark that while in this opinion we have used the term 'motion for a new trial' instead of the statutory term 'notice of motion for a new trial,' we did so for convenience merely, and not for the purpose of making any distinction between the two terms." (*Minneapolis Threshing Mach. Co. v. Fox et al.* (Utah), 172 Pac. 699, at 701.)

We are of the opinion that the notice of motion for new trial, if filed within the time required by statute, continues the jurisdiction of the trial court to rule upon the merits of the motion, and that, where as in this case the court expressly finds that the moving party exercised due diligence, this jurisdiction is not affected by the expiration of the time within which an appeal may be taken from the judgment, and that the defendant erred in holding that he had lost jurisdiction and in refusing to pass upon the merits of the motion.

It is ordered that the writ issue, directing the defendant to rule upon the motion for a new trial upon the merits. Costs are awarded to plaintiff.

Morgan and Rice, JJ., concur.