(No. 6215.   May 17, 1935.)

HINCKLEY ESTATE COMPANY, a Corporation, Respondent, v. J. L. GURRY and ALICE B. GURRY, His Wife, GEORGE C. DISSAULT, AGNES DRISCOLL, Wife of M. A. DRISCOLL, BERTHA DRISCOLL, an Unmarried Woman, and IDAHO PAINT AND GLASS COMPANY, a Corporation, Respondents, and M. A. DRISCOLL, Appellant.

[48 Pac. (2d) 1111.]

Walter H. Anderson, for Appellant.

H. J. Swanson, for Respondent Hinckley Estate Company, a Corporation.

BUDGE, J.—This cause was before this court upon a former appeal, *Hinckley Estate Co. v. Gurry*, 53 Ida. 551, 26 Pac. (2d) 121, where a full statement of all the material facts will be found.

There is no contest on the foreclosure of the mortgage, the controversy being limited to the right of respondent, who by assignment from the original mortgagee became the owner and holder of the note and mortgage, to a deficiency judgment against appellant. The trial court denied any relief against Dissault, from which action no appeal has been prosecuted. We therefore have presented upon this record (which includes the record of the former trial, as well as the record of the instant case), the sole question of whether or not respondent is entitled to a deficiency judgment against appellant.

Gurry and his wife were the original owners of the property described in the mortgage and were the original mortgagors to respondent's assignee. Gurry and wife executed a warranty deed to the property mortgaged by them to Dissault, and Gurry thereafter placed said deed of record, all without the knowledge or consent of Dissault. The deed from Gurry and wife to Dissault contained the following clause:

"The deed is given and accepted subject to one certain mortgage for $7,000.00, . . . . which the party of the second part (Dissault) agrees to pay."

Subsequent to the conveyance by the Gurrys to Dissault, Gurry had a warranty deed prepared transferring the property from Dissault to Driscoll, which deed contained the following clause:

"This deed is given and accepted subject to one certain mortgage for $7,000.00, . . . . which the party of the second part (Driscoll) agrees to pay."

The record discloses that when the deed from Dissault to Driscoll was prepared, Gurry, at that time, and not previously, informed Dissault that he, Gurry, and his wife had theretofore executed a deed in favor of Dissault and had placed the same of record, and requested Dissault to sign the deed conveying the property to Driscoll. Dissault and Driscoll were strangers to each other and met for the first time when Dissault signed the deed. Driscoll paid no money to Dissault, had no conversation with him with reference to the assumption clause in the deed, nor any other matters touching the transaction as carried on between Gurry and Driscoll. It is admitted that Dissault had no knowledge of the assumption clause and did not undertake to pay the mortgage debt. Driscoll testified that he had no negotiations with Dissault; that when he received the deed he did not read it; that he did not know that the deed contained an assumption clause; that the first time that he learned that the assumption clause was in the deed was when the former action was brought; that he never agreed to assume the mortgage debt, and that nothing was said at the time of the transaction that he was to assume the mortgage debt. The ground of Driscoll's liability, if any, to a deficiency judgment rests in contract. The assumption clause in the deed is primarily for the benefit of the mortgagor and arises out of contract purely. The court found that Dissault acted as a mere conduit or channel through which the title passed from Gurry and wife to Driscoll and that respondent was not entitled to a deficiency judgment against Dissault. Although the property, under the terms of the mortgage, remained liable for the lien of the mortgage and was subject to foreclosure and sale for the satisfaction of the same, it does not follow that Driscoll can be held for a deficiency judgment where his grantor could not be held. Conceding that Dissault was a mere conduit for the conveyance of the title from Gurry and wife to Driscoll, the conveyance from Gurry and wife to Dissault is essential to the chain of title. A clause of assumption of mortgage indebtedness in a deed accepted by a grantee does not of itself create personal liability in the

grantee inuring to the benefit of the mortgagee unless the grantor in the deed had assumed payment of the mortgage debt and was personally liable therefor. (*Little v. Boise Trust Co.,* 49 Ida. 259, 287 Pac. 954; *La Monte Bank v. Crawford,* (Mo. App.) 27 S. W. (2d) 762.) If Dissault was not liable, by reason of the fact that he had no beneficial interest in the property conveyed (which fact was not known to Driscoll), there was no privity of contract between Driscoll and Gurry, such as under the facts of this case would make Driscoll liable for a deficiency judgment. There is no evidence to support the conclusion that Driscoll assumed the mortgage debt, as between himself and Gurry, thereby becoming liable for a deficiency judgment in the event the property did not sell for enough to satisfy the mortgage. We have therefore concluded that the trial court erred in finding and holding Driscoll liable for a deficiency judgment.

The lower court is directed to modify the decree of foreclosure by eliminating therefrom the deficiency judgment against M. A. Driscoll. Costs awarded to appellant.

Morgan, Holden and Ailshie, JJ., concur.

### MEMORANDUM.

#### (September 26, 1935.)

BUDGE, J.— ■ On May 17, 1935, a unanimous decision in the above-entitled cause was duly filed with the clerk of this court. On the first day of June, 1935, a petition for rehearing was filed by respondent. On the seventh day of June, 1935, a rehearing was granted. On the thirteenth day of September, 1935, at a regular term of this court held at Pocatello, prior to the time set for the rehearing, appellant and respondent appeared in open court and advised the court that a settlement had been reached between the parties involved in the action and asked that the case be dismissed.

Since there has been a full settlement between the parties and the questions raised in the petition for rehearing have

become moot, there is nothing further before this court for determination. The order granting the rehearing is therefore vacated.

Morgan, Holden and Ailshie, JJ., concur.

GIVENS, C. J.—The action should be dismissed without costs in compliance with the appellant's and respondent's request.