(No. 6368.   December 4, 1936.)

LAWRENCE POITEVIN and J. D. KENNEDY, Respondents, v. F. A. RANDALL and ROSABELLE RANDALL, His Wife, Appellants.

[66 Pac. (2d) 1113.]

C. E. Crowley and Newel S. Crowley for Appellants.

O. A. Johannesen and Ralph L. Albaugh for Respondents.

AILSHIE, J.—This action was instituted April 11, 1935, for condemnation of five rights-of-way over appellants' lands, for the purposes of carrying water claimed by respondents. Appellants answered, denying the necessity for the taking of the lands sought to be condemned. The Oregon Short Line Railroad Company, as defendant, filed an answer, praying for dismissal of the action and recovery of costs. It was only a nominal defendant and has not further appeared in the case.

October 18, 1935, judgment of necessity, for condemnation of the easements described in the complaint, was entered. No appeal was taken from that judgment. The cause for damages was tried to a jury and a verdict returned, assessing damages for the land taken at $955.10 and for damages to the remainder of appellants' property in the sum of $9,044.90. Motion for new trial was made by respondents, based on the files, documents and exhibits in the cause, and affidavits thereafter to be filed and served. Order was entered January 17, 1936, granting respondents until February 4th to file affidavits in support of their motion for new trial, and specifications of insufficiency of evidence to support the verdict. No affidavits were filed. Appellants filed objections to hearing respondents' motion for new trial and also filed motion to vacate and strike certain portions of the court's order.

January 17th judgment was entered for appellants against respondents, jointly and severally, for the total sum of $10,000, together with costs, taxed at $200.70. February 15th order was entered granting respondents' motion for new trial. The appeal is from the various orders of the court overruling and denying appellants' motions and objections and from the order granting respondents' motion for new trial.

The only question necessary for us to determine is whether or not the court erred in granting a new trial. The order granting new trial is general and does not state the reasons or grounds on which it is based.

Plaintiffs' notice and motion for a new trial were based on all the statutory grounds, and concluded as follows:

"For the reasons aforesaid, and for other reasons to appear by the files in said cause, and affidavits hereafter to be furnished in support of this motion, the plaintiffs move for the aforesaid rehearing on the questions as to what is the fair value of rights of way 'A, B and C' and the general damage that may be sustained by the defendants F. A. Randall and 'Jane Doe' Randall by reason of the taking of rights of way 'A, B, C and D,' through the lands of said named defendants.

"This motion is based upon the files and documents and exhibits in said cause and upon the affidavits hereafter to be produced."

When the motion came on for hearing before the court, the following proceedings took place, according to the recital in the judge's order:

"At this time counsel for plaintiffs presented to the court a transcript of the minutes and proceedings of the trial of this case before a jury on December 21st and 23rd, 1935, and certified to by L. E. Poole, official court reporter, on this 14th day of February, 1936, and informed the court that they proposed to use the same upon said motion for a new trial. Counsel for said defendants objected orally to the court or counsel using or considering said transcript or the minutes of the court on said hearing in support of said motion on the ground that the notice of intention to move for a new trial and the motion for a new trial are both made and based upon the files in the case and the court is without authority to use or consider said minutes or transcript on this hearing on said motion; It is ordered that said objections be overruled and counsel for plaintiff are given permission to use said transcript and minutes on this hearing, to which order counsel for defendants given exception."

It was urged by the appellants, as defendants in the lower court, and is likewise contended here, that the trial court was without authority or jurisdiction to consider the reporter's notes or transcript of the evidence in passing on the motion for new trial, for the reason that the notice and motion stated that the same would be presented "upon the files and docu-

ments and exhibits in said cause and upon the affidavits hereafter to be produced.'' The motion was not based or made on the minutes of the court. It is the position of appellants that the reporter's stenographic record, when transcribed and ''properly certified by said reporter, constitutes *prima facie* the minutes of the court'' (subd. 1, sec. 1–1105, I. C. A.; *Kelley v. Clark,* 21 Ida. 231, 239, 121 Pac. 95; *Aker v. Aker,* 52 Ida. 50, 55, 11 Pac. (2d) 372, 374; *Chambers v. Farnham,* 39 Cal. App. 17, 179 Pac. 423, 425) ; and that the *minutes* of the court cannot be used or considered on motion for new trial, unless they have been so specified in the notice and motion, as provided in sec. 7–604, I. C. A.

In *Kelley v. Clark, supra,* this court had occasion to consider the classification to which phonographic and stenographic reports belong, under the statutes providing for the granting of new trials and for appeals from orders granting or denying such motions, and held :

''The phonographic report of the testimony on file, as the words are used in sec. 4442 (sec. 7–605, I. C. A.) means the stenographic report or shorthand notes of the stenographer and not the transcription of the testimony taken by such stenographer. On the hearing of the motion, when made upon the minutes of the court, the sufficiency of the evidence and the questions arising during the trial and the matters contained in the reporter's notes, may all be referred to and the court may determine such questions from his recollection of what took place and from his own minutes kept of the proceedings, and by reference to the stenographer's notes, without waiting for a transcript of the proceedings and evidence as transcribed by the stenographer.

''The object and purpose of these various amendments to which reference has been made in this opinion was to prescribe a speedy and economical method of preparing a case and presenting the same to the supreme court, either upon an appeal from a judgment or motion for a new trial, and we think the provisions of the statute are perfectly plain and specifically point out the procedure as herein indicated.''

*Kelley v. Clark, supra,* was followed and approved in *Bohannon Dredging Co. v. England,* 30 Ida. 721, 168 Pac. 12.

A parallel question to the one here presented was raised in *Storer v. Heitfeld*, 17 Ida. 113, 105 Pac. 55, and in the syllabus "by the court" it was held:

"And where the notice of intention to move for a new trial does not state that the motion will be based upon affidavits, it is improper to file affidavits, and if filed, the same will be stricken from the records." (Cited in *Farmers' etc. Bank v. Hartford Fire Ins. Co.*, 43 Ida. 222, 229, 253 Pac. 379. See, also, *Sell v. Sell*, 58 Mont. 329, 193 Pac. 561, 563.)

The statute (sec. 7–605, I. C. A.) provides that:

"The application for a new trial shall be heard at the earliest practicable period after the notice of intention to make such motion, if the motion is to be heard upon the *minutes* of the court. . . . . On such hearing reference may be had *in all cases* to the pleadings and orders of the court on file, *and when the motion is made on the minutes,* reference may be had to any depositions, *documentary evidence and phonographic report* of the testimony on file." (Italics ours.)

By the provision of the statute it was evidently intended by the legislature that when a motion for new trial is made on the *minutes* of the court the trial judge may have the official reporter read any parts of the phonographic notes or record desired in order to refresh his memory of the testimony and thus save the litigants the necessity of paying for a reporter's transcript unless, after entry of the order, allowing or denying the motion, the aggrieved party desires to appeal, in which event it will be necessary for him to procure a transcript and have it duly served and settled as required by statute. (Secs. 7–607, 1–1105, I. C. A.; *Kelley v. Clark, supra;* also, *Bohannon Dredging Co. v. England, supra.*) Under a like statute, see *State ex rel. Cohn v. District Court*, 38 Mont. 119, 99 Pac. 139, 141.)

Had the motion here under consideration been made on the "minutes of the court," there could be no legal objection to the use of the stenographic report in passing on the motion. Such was not the case. The notice and motion advised the adverse party that the motion would be presented "upon the files and documents and exhibits in said cause and upon the affidavits hereafter to be produced." This does not embrace the "minutes of the court" and did not

authorize the court to resort to the reporter's notes or transcript of the evidence for the purpose of determining the sufficiency or insufficiency of the evidence to support the verdict. It should also be noted that this statute (sec. 7–605, *supra*) authorizes the court to consider the pleadings and orders of the court on file, "in *all* cases," when considering a motion for a new trial, but when the motion is made "on the minutes," the statute says, "reference may be had to any depositions, documentary evidence and phonographic report of the testimony on file"; so it will be seen that the use of the phonographic report is thereby limited to cases where the motion is made on the "minutes of the court."

It has been suggested, however, that the court had the power, under sec. 7–608, I. C. A., to grant a new trial "on its own motion." That is true, but it is quite clear, from the record before us, that the court did not enter the order here involved on its own motion but assumed to act on the motion of plaintiffs, and that the order entered was made solely on plaintiffs' application. (See *Boam v. Sewell*, 40 Ida. 524, 234 Pac. 153.) In fact the order of the court, after the introductory recitals, reads:

"Now, therefore, it is ordered that the motion for a new trial be, and the same is hereby granted and that said verdict and the judgment of the court entered thereon be and the same hereby is, vacated and set aside."

▮ It is equally clear, in this case, that the order granting a new trial was predicated on alleged insufficiency of the evidence to support the verdict, and this was determined upon the minutes of the court as hereinbefore considered. It follows that the court had no authority, under the notice and motion, and the statute applicable thereto, to grant a new trial.

The order is therefore reversed and the cause is remanded. Costs awarded to appellants.

Givens, C. J., and Budge, Morgan and Holden, JJ., concur.

ON REHEARING.

(April 22, 1937.)

AILSHIE, J.—A unanimous opinion, in the above-entitled cause, was filed with the clerk of this court December 4, 1936. Respondents filed a petition for rehearing, and the same was granted December 30, 1936. April 8, 1937, the day set for the rehearing, counsel filed a stipulation, dated April 7, 1937, wherein it was agreed that a settlement had been reached between the parties and that the appeal herein be dismissed.

Since there has been a full settlement between the parties, and the questions raised in the petition for rehearing have become moot, there is nothing further before this court for determination. The order granting the rehearing is therefore vacated. It does not follow, however, that the appeal will be dismissed. After an appeal has been perfected, briefs filed, the case argued and an opinion filed and judgment entered, the parties to the action no longer have the power to dismiss the appeal; they may compromise and settle the case and stipulate and contract as they please, concerning the rights acquired under the decision of the court, and the court will accord to such settlement full force and effect, so far as the rights of the parties are concerned, but that right does not extend to or include the power to control or direct the course of judicial procedure or the power to abrogate the opinion or decision of the court already made and entered. It will stand as the law of the case. To the same effect see *Hinckley Estate Co. v. Gurry*, 56 Ida. 38, 42, 48 Pac. (2d) 1111.

Morgan, C. J., and Holden and Budge, JJ., concur.

GIVENS, J.—The action should be dismissed without costs in compliance with the appellants' and respondents' request.