MAUD M. HULL *et al.*

*v.*

THE WEST CHICAGO PARK COMMISSIONERS.

*Opinion filed April 17, 1900.*

1. SPECIAL ASSESSMENTS—*new assessment ordinance for completed improvement need not give detailed description.* An ordinance passed under section 20 of the Park act of 1895, (Laws of 1895, p. 289,) authorizing a new assessment to be levied on property benefited by an improvement already completed under an assessment ordinance which has been held invalid, need only describe the locality of the improvement so as to identify it with the completed improvement.

2. SAME—*effect where estimate mis-states date of ordinance.* Where the preamble to the commissioners' estimate of cost mis-states the date of the ordinance, but the date is correctly averred in the assessment petition, truth of such averment is admitted by default; nor can an objection based on such mis-statement be first raised on appeal.

3. SAME—*reversal of an order dismissing petition leaves prior judgment by default in force.* The reversal of an order of the county court dismissing an assessment petition leaves in full force judgments of confirmation entered by default previous to the order of dismissal, and no *nunc pro tunc* order re-confirming such default is necessary.

WRIT OF ERROR to the County Court of Cook county; the Hon. W. F. HODSON, Judge, presiding.

GEORGE W. WILBUR, for plaintiffs in error.

FRANCIS A. RIDDLE, H. S. MECARTNEY, and ENOCH J. PRICE, for defendants in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The ordinance adopted by the defendant in error commissioners on the 28th day of March, 1893, authorizing the improvement of Douglas boulevard by special assessment, in so far as it provided for the division of the assessments into installments and that the deferred installments should bear interest, was held to be void in *Culver* v. *People*, 161 Ill. 89. The improvement contemplated by the ordinance had been, however, fully completed by the commissioners, acting in good faith under the belief the ordinance so held to be void in the respect named was a valid enactment. On the 14th day of July, 1896, the defendant in error commissioners, acting under the authority given them by section 20 of the act of the General Assembly approved June 24, 1895, entitled "An act to enable park commissioners or park authorities to make local improvements," etc., (Hurd's Stat. 1899, par. 159, p. 1244,) adopted an ordinance providing that a new special assessment on the property benefited by the improvement so as aforesaid completed under the prior ordinance should be levied, assessed and collected. This is a writ of error to bring in review the judgment of confirmation entered under the latter ordinance.

The ordinances referred to in section 5 of said act of June 24, 1895, (Hurd's Stat. 1899, par. 144, p. 1242,) are those authorizing a contemplated improvement to be made. The ordinance here involved was framed under the provisions of section 20 of that act, which section authorizes a special assessment to be levied and assessed on property benefited by an improvement which had been completed under a former ordinance which was found to be defective and void as to the provision thereof divid-

ing the assessment into installments. It is not necessary to the validity of an ordinance for this purpose it should describe the nature, character and description of the improvement contemplated by the ordinance so found to be void. The ordinance in question described the locality of the completed improvement, and thereby identified it · as the improvement completed, and purported to be authorized to be completed, by a former void ordinance, and otherwise described the improvement in general terms only. The objection a description in compliance with the provisions of said section 5 was necessary is groundless.

It is complained the estimate made and returned by the commissioners of the cost of the improvement computes the cost of "several items" not comprehended in the general terms of description of the ordinance. Counsel do not, in stating the complaint or otherwise in the brief, point out or indicate any of said "several items" referred to. Nor is it complained any item in the estimate is not comprehended within the description of the nature, character, locality or description of the improvement set forth in the invalid ordinance under which the improvement was made, or that the estimate includes the cost of any work or material which did not enter into the improvement in question.

The preamble to the estimate of the commissioners mis-recited the date of the passage of the ordinance. The petition, however, contained an averment that the ordinance was adopted on the true day of its passage. The plaintiffs in error, except Knapstein, made default and thereby confessed the truth of this averment of the petition. The plaintiff in error Knapstein filed numerous objections in the county court, but the objection as to the error in the date in the estimate was not among them. It is manifest from the entire record the date was merely a clerical error. Had attention been called to it in the trial court it could have been obviated by an amendment, hence it cannot be raised for the first time in this court.

The next complaint is stated as follows in the brief of counsel: "The assessment roll herein was made by the petitioners herein, the West Chicago Park Commissioners, and the record fails to show that they were ever appointed to act as such commissioners by the order of the court." Counsel overlook section 10 of the act of June 24, 1895, (Hurd's Stat. 1899, par. 149, p. 1243,) which provides the park commissioners shall make and certify an assessment roll to the court.

Judgment by default was entered against the plaintiffs in error, except Knapstein, on the 26th day of September, 1896. On April 27, 1897, the court sustained the objections preferred by the plaintiff in error Knapstein and other owners of property and ordered the petition be dismissed. The defendant in error commissioners prosecuted an appeal to this court, and the order dismissing the petition was reversed and the cause was remanded. (*West Chicago Park Comrs.* v. *Farber*, 171 Ill. 146.) The cause having been re-docketed, the county court, on motion of the defendant in error commissioners, ordered the judgment of confirmation which had been previously rendered by default "be re-entered and re-confirmed *nunc pro tunc.*" It does not appear from the record the plaintiffs in error against whom the judgment by default was ordered to be re-entered were notified and given opportunity to be heard in opposition to the *nunc pro tunc* order. The judgment of this court reversing the order of the county court dismissing the petition left the judgment of confirmation by default in full force, and the *nunc pro tunc* order was wholly unnecessary to the validity of such judgment by default.

The judgments brought in review by the writ of error are affirmed.                    *Judgment affirmed.*