(January 16, 1909.)

WILLIAM QUAYLE, Respondent, v. W. D. REAM, Appellant.

[99 Pac. 707.]

VERDICT — INSUFFICIENCY OF EVIDENCE TO SUSTAIN — No SUBSTANTIAL CONFLICT.

1. *Held,* that there is no substantial conflict in the evidence, and that the evidence is insufficient to sustain the verdict.

(Syllabus by the court.)

APPEAL from the District Court of the Fifth Judicial District, for the County of Bear Lake.  Hon. Alfred Budge, Judge.

Action on a promissory note.  Judgment for plaintiff.  *Reversed.*

A. B. Gough, and Jesse R. S. Budge, for Appellant.

Thos. L. Glenn, for Respondent.

Counsel cite no authorities.

SULLIVAN, C. J.—This action was brought by the plaintiff, who is respondent here, to recover the sum of $605.34,

with interest, on a certain promissory note dated April 11, 1905. The defendant answered, admitting the execution of the note, and alleging that on the day prior to its execution an agreement was entered into between the plaintiff and defendant, whereby credits claimed by the defendant in a settlement between them, which settlement resulted in the execution of said note, were to be allowed if upon further investigation the same were found to be just; and defendant avers that said credits were just and should have been allowed but that the plaintiff failed and refused to allow them. The defendant tendered into the court the difference between the credits so claimed and the amount due on the note. The case was tried before a jury, and a verdict was returned in favor of plaintiff in the sum of $756.54, and an attorney's fee of $75. A motion for a new trial was made, based on the ground of the insufficiency of the evidence to justify the verdict and judgment, which motion was denied, and from the order of denial, this appeal is taken.

The only question presented on this appeal is the sufficiency of the evidence to sustain the verdict and judgment.

It is provided by sec. 4824, Rev. Codes, among other things, that whenever there is substantial evidence to support the verdict, the same shall not be set aside. We shall therefore review the evidence to ascertain whether there is substantial evidence to support the verdict.

The plaintiff, in order to establish his case, introduced said promissory note, and testified that it was given to him by the defendant, and that he was the owner and holder thereof, and that no part of it had been paid. On cross-examination he testified that said note was given pursuant to an agreement of settlement had between himself and the defendant the day before the note was given; that the consideration of the note was for "some accounts on sheep and different things; there were different accounts existing between myself and Mr. Ream, and I requested him to put it in the form of a note." He further testified that he talked the matter over with the defendant on April 10, 1905, and that plaintiff finally claimed there was $605.34 due him from the defendant; that there was some controversy between them in regard to sev-

eral items of the account, and plaintiff agreed that if it was afterward found that he had received anything which he had not given defendant credit for, he would give him credit for it. After introducing some proof as to the attorney's fee, plaintiff rested.

In support of his defense, the wife of the defendant was sworn and testified. She testified that the plaintiff came to the defendant's home on April 10, 1905, and the accounts between plaintiff and defendant were gone over. She also testified that on that day she drew up a contract between the plaintiff and defendant, which was then and there signed by both of them, and that said contract was inadvertently dated April 10, 1903, while, as a matter of fact, it was made on April 10, 1905. The witness testified that said agreement was made in duplicate, and it was introduced in evidence as "defendant's exhibit 1," and is as follows:

"Apr. 10th, 1903.

"Over charges on freight to be looked up and if any difference it will be adjusted.

"It is to be looked up and see if any of Mr. Grill and Mr. Corollo's checks have been turned over to Mr. Quayle. If so, it is to be credited on this settlement.

"No. and price of old biddies to be looked up and oats to be considered, if any light can be thrown on it.

"This settlement has been made on the basis that the note of $2814.82 begins drawing interest on the first day of Sep., 1903.

"If there are any mistakes in this settlement and are afterwards proven, they are to be corrected.

"WM. QUAYLE,
"W. D. REAM."

She testified that the note of $605.34 was the outcome of the settlement made on April 10, 1905. She further testified that the defendant agreed to go to Montpelier and execute a note for said sum and give security for its payment, and that the next day, after making such contract, the defendant went to Montpelier, and that she understood that he executed the note on April 11, 1905. She further testified that there was

some conversation in regard to checks which had been passed from the defendant to the plaintiff, and that plaintiff on April 10, 1905, decided to write to Mr. Grill, who had drawn said checks, and see if there were any checks returned to him with the plaintiff's signature thereon. It appears from the evidence that the defendant wrote the letter and the plaintiff took it to the postoffice. An answer to said letter was introduced in evidence, which is as follows:

"Diamondville, Wyo., April 13, 1905.
"Wm. Quayle, Esq., Dingle, Idaho.

"Dear Sir: Yours of the 10th to hand and here enclosed you checks you ask for. I can find only the one with your name on.                        Yours truly,

"P. GRILL."

It appears that said letter contained a Grill check of $350, on which appeared the name of the plaintiff as an endorser. The letter was received by the plaintiff and turned over to the defendant. The witness further testified that at the time said agreement was drawn up, the defendant asked the plaintiff if he had given him credit for any of Grill's or Corollo's checks, and plaintiff said he had never received any to his knowledge, and said "I don't think you ever turned any to me. If you have, I have never given you credit for them, and if you have proof that you have turned any to me, I will give you credit for them." The witness testified that it was upon that statement or remark that said agreement was prepared and signed, and that the items that were to be further examined and looked into were referred to in that agreement; that is, the items referred to therein were not agreed upon.

It is clear from that agreement that there were several items involved in said account that were not agreed upon on April 10, 1905. Among them were overcharges on freight, Grill and Corollo checks, number and price of "old biddies," and oats, and in said agreement it is specified that the settlement made on the last-mentioned date was made on the basis that a note of $2,814.82, dated September 1, 1903, began drawing interest on the day of its date, and the contract closes

with this clause: "If there are any mistakes in this settlement and are afterward proven, they are to be corrected."

This goes to show clearly that there were a number of items left open between the parties that were not settled, but it was determined that, excluding the items not agreed upon, there was due the plaintiff $605.34, for which sum he should give his promissory note and security for the payment of the same, which he did on the following day.

According to the evidence of the defendant introduced on the trial, there were two items for oats that should have been allowed the defendant, one for $30.48 and one for $65.20; and the Grill check for $350, with interest thereon at the rate of ten per cent from its date. Upon a retrial, if it is shown that said items were settled in prior settlements, then the defendant ought not to recover for them in this action.

The evidence of the plaintiff in regard to the settlement of April 10, 1905, and the contract shown to have been entered into between the parties on that day, and the allowance by him of the $350 check and settlement for the oats referred to on former settlements, is most unsatisfactory, and we are of the opinion that the ends of justice will best be served by granting a new trial in this case. While there is some confusion in the evidence, there is no substantial conflict in it upon the issues above referred to.

A reversal of the judgment and a new trial are granted. Costs of this appeal are awarded to the appellant.

Stewart and Ailshie, JJ., concur.