(June 19, 1915.)

## HENRY E. HOWES et al., Respondents, v. LOUIS DOLS, Appellant.

[150 Pac. 38.]

NEW TRIAL—NOTICE OF INTENTION TO MOVE FOR—TIME TO FILE—MOTION TO STRIKE.

    1. Where a decision is made in open court in the presence of counsel and at the request of counsel the time is extended to file his motion for a new trial, such order does not extend the time for filing the notice of intention to move for a new trial.

    2. *Held*, under the facts of this case that counsel for appellant had actual notice of the decision and that the court did not extend the time for filing the notice of intention to move for a new trial.

    3. *Held*, that the court did not err in granting the motion to strike the notice of intention to move for a new trial from the files, and denying the motion for a new trial.

APPEAL from the District Court of the First Judicial District for Shoshone County. Hon. W. W. Woods, Judge.

Action in ejectment to recover possession of certain real estate. Judgment for the plaintiffs. *Affirmed.*

J. H. Wixom and Chas. E. Miller, for Appellant.

The court by the order of Nov. 10, 1915, in legal effect, extended the time in which to take the necessary proceedings

to secure a new trial. (*Kelley v. Clark,* 21 Ida. 231, 121 Pac. 95.)

The Idaho statute is taken bodily from the statutes of California. (Sec. 1054, Cal. C. C. P.; *Burton v. Todd,* 68 Cal. 485, 9 Pac. 663.)

A similar construction was given a like statute by the Washington supreme court. (*Bailey v. Drake,* 12 Wash. 99, 40 Pac. 631.)

The decision of a case consists of the findings of fact and conclusions of law which must be in writing and filed with the clerk. (*Stewart Min. Co. v. Ontario Min. Co.,* 23 Ida. 724, 736, 132 Pac. 787; *Hamilton v. Spokane etc. R. Co.,* 3 Ida. 164, 28 Pac. 408; *Caldwell v. Wells,* 16 Ida. 459, 463, 101 Pac. 812.)

"The party intending to move has a right to wait for a notice in writing (sec. 1010, Cal. C. C. P.), of the decision from the adverse party before giving notice of intention to move for a new trial, and he is entitled to such notice of decision before he is called on to act, although he is present in court when the decision is rendered and waives findings and asks for a stay of proceedings on the judgment." (*Biagi v. Howes,* 66 Cal. 469, 6 Pac. 100; *Roussin v. Stewart,* 33 Cal. 210; *Sawyer v. San Francisco,* 50 Cal. 375; *Fry v. Bennett,* 16 How. Pr. (N. Y.) 402; *Mallory v. See,* 129 Cal. 356, 61 Pac. 1123; *Hughes Mfg. etc. Co. v. Elliott,* 167 Cal. 494, 140 Pac. 17.)

J. E. Gyde and Featherstone & Fox, for Respondents.

Where the trial court ordered a stay of execution on the judgment for a period of twenty days from the date for the purpose of allowing the defendants to move for a new trial, this order did not extend the time to file notice of intention to move for a new trial. (*Stevens v. Northwestern Stage Co.,* 1 Ida. 604.)

Notice of the decision need not be in writing. The word "notice" as used in our statute is synonymous with, and the equivalent of, knowledge, information, intelligence. (*Little*

*v. Schul,* 118 Md. 454, 84 Atl. 649; *Jackson County ex rel. Farley v. Schmid,* 141 Mo. App. 229, 124 S. W. 1074; 29 Cyc. 116.)

SULLIVAN, C. J.—This is an appeal from an order made after judgment striking from the files of the court the defendant's "notice of intention to move for a new trial." The action is one in ejectment to recover a certain piece of real estate in the city of Wallace. Judgment was rendered in favor of the plaintiffs, quieting the title to the real estate involved in the plaintiffs.

The decision was rendered in open court on the 10th of November, 1914, and the same was entered in the minutes of the court. The appellant's attorney was present in court when the decision was rendered and at that time requested the court to allow, and the court did then allow him thirty days in which to make and file his motion for a new trial. On the same day, to wit, November 10, 1914, the court made its finding of facts and conclusions of law and on the following day counsel for plaintiffs served on the attorneys for the defendant a cost bill in said action. On the next day, November 12th, the finding of facts, conclusions of law, judgment and cost bill were filed. On the 5th of December following the notice of intention to move for a new trial was served upon one of the attorneys for the plaintiffs. On January 22, 1915, counsel for plaintiffs filed their motion to strike said notice of intention to move for a new trial from the files, and on the same day the motion came on for hearing and was granted and the notice of intention was stricken from the files.

Counsel assigns three errors. The first is that the court erred in not holding and deciding that the statutory ten days for giving notice of intention to move for a new trial would begin to run only from the time appellant or his counsel were served with notice of the making and filing of said decision or that the latter had actual notice of the same; 2d, that the court erred in sustaining and granting respondents' motion to strike appellant's notice of intention to move for a new

trial from the files; 3d, the court erred in rendering judgment dismissing appellant's motion for a new trial.

The record contains the following order made by the court on the 10th of November, 1914, the day when the finding of facts and conclusions of law were signed by the court:

"In this action, and after the trial thereof, the court having rendered an oral opinion therein, in favor of the plaintiffs, as prayed in their amended complaint, including a judgment for the use and occupation of the premises described therein at the rate of $7.50 per month, and costs of said action, on motion of Chas. E. Miller, attorney for defendant;

"It is ordered and adjudged that the defendant take and have 30 days from and after this date in which to make and file his motion for a new trial and to file his statement of facts or bill of exceptions, or either, on said motion, and that during the said period all proceedings in said action be stayed, except the making and filing of findings of fact and conclusions of law and the rendering and entering of the final judgment of the court."

However, the findings and judgment were not filed until November 12, 1914.

It is evident from said order that the attorney for the appellants was present in court and had notice of the judgment and decision of the court, since he asked for and was granted thirty days from and after the date of said oral decision in which to file his motion for a new trial, and the trial court clearly understood that said extension was not given for the purpose of filing the notice of motion for a new trial since in the order of the court dismissing defendant's motion for a new trial, made on January 22, 1915, it is stated that the decision in said case was rendered on November 10, 1914, and that the defendant's attorney was present in court when said decision was made and entered and had notice thereof on November 10th; that said notice of intention to move for a new trial was not filed and served until the 5th day of December, 1914; that more than ten days had elapsed since the rendition of said decision by said court and since the filing of

the finding of facts, conclusion of law and judgment; and that there was no order of the court or judge thereof extending the time for filing the notice of intention to move for a new trial. The court thereupon granted the motion of plaintiffs to the effect that the notice of intention to move for a new trial be set aside and stricken from the files.

Thus the trial court finds that appellant actually did have notice of the decision and that he did not file his notice of intention to move for a new trial until more than ten days had elapsed after he had such notice. While the record shows that the trial court extended the time for serving and filing the motion for a new trial, it does not show that the court extended the time for making and filing the notice of intention to move for a new trial, and the trial court evidently did not intend to extend the time for giving the notice of intention, but simply granted an extension of time for filing the motion for a new trial, thus drawing a distinction between the notice of intention and the motion itself.

Said order of the court and the judgment of dismissal must therefore be sustained, and it is so ordered, with costs in favor of the respondents.

Budge and Morgan, JJ., concur.