(May 31, 1922.)

STUDEBAKER BROTHERS COMPANY OF UTAH, a Corporation, Appellant, v. JOE A. HARBERT, Respondent.

[207 Pac. 587.]

NEW TRIAL—NOTICE OF INTENTION—SHOULD CONTAIN SPECIFICATIONS OF INSUFFICIENCY—MOTION NEED NOT AND MAY BE ORAL OR IN WRITING—WHEN EVIDENCE INSUFFICIENT.

1. Notice of motion for a new trial must specify the particulars in which the evidence is insufficient to sustain the verdict, but such specification is not necessary in the motion, which follows the notice, and may be oral or in writing.

2. Where a verdict is without any substantial support in the evidence, it should be set aside.

APPEAL from the District Court of the Ninth Judicial District, for Jefferson County. Hon. James G. Gwinn, Judge.

Action on a promissory note. Judgment for defendant, and plaintiff appeals. *Reversed* and *remanded,* with instructions for new trial.

C. W. Morrison, for Appellant.

"A verdict or finding of the jury must be based upon and conform to the evidence; and a verdict wholly unsupported by any evidence whatever should not be allowed to stand." (Abbott's Civil Jury Trials, 3d ed., p. 748; *Continental Life Ins. Co. v. Yung,* 113 Ind. 159, 3 Am. St. 630, 15 N. E. 220; *Quinton v. Cutlip,* 1 Okl. 302, 32 Pac. 269.)

That a verdict is palpably against the evidence is good ground for a new trial. (*Western Ry. of Alabama v. Mutch,* 97 Ala. 194, 38 Am. St. 179, 11 So. 894, 21 L. R. A. 316; 29 Cyc. 830.)

Where there is no substantial conflict in the testimony, and it appears that a jury misunderstood the evidence, or misapprehended its scope and effect, a new trial will be granted. (*Rankin v. Thompson,* 7 Colo. 381, 3 Pac. 719.)

A new trial should be granted where the alleged insufficiency of the evidence is convincingly shown. (*Western Mining Supply Co. v. Melzner,* 48 Mont. 174, 136 Pac. 44; *Martini v. Oregon W. R. & Nav. Co.,* 73 Or. 283, 144 Pac. 104; *Johnson v. Domer,* 76 Wash. 677, 136 Pac. 1169; *Kester v. Wagner,* 22 Wyo. 512, 145 Pac. 748; *Chicago, R. I. & P. Ry. Co. v. Reardon,* 1 Kan. App. 114, 40 Pac. 931; *Houghton v. Market St. Ry. Co.,* 1 Cal. App. 576, 82 Pac. 972; *In re Caspar's Estate,* 172 Cal. 147, 155 Pac. 631; *James v. Hood,* 19 N. M. 234, 142 Pac. 162; *Hudson v. Riley,* 104 Kan. 534, 180 Pac. 198; Hayne on New Trial and Appeal, sec. 288; *Barnes v. Sabron,* 10 Nev. 217; *Watt v. Nevada Central R. Co.,* 23 Nev. 154, 62 Am. St. 772, 44 Pac. 423, 46 Pac. 52, 726; *Quayle v. Ream,* 15 Ida. 666, 99 Pac. 707.)

New trial may be granted where verdict is against the instructions of the court. Instructions, whether right or wrong, constitute the law of the case, and it is the duty of

the jury to follow them. (*Crane v. Chicago & N. W. R. Co.,* 74 Iowa, 330, 7 Am. St. 479, 37 N. W. 397; *Limburg v. German Fire Ins. Co.,* 90 Iowa, 709, 48 Am. St. 468, 57 N. W. 626, 23 L. R. A. 99; 29 Cyc. 818, 819; *Rippetoe v. Feely,* 20 Ida. 619, 119 Pac. 465; *Grisinger v. Hubbard,* 21 Ida. 469, Ann. Cas. 1913E, 87, 122 Pac. 853; *Doody v. Boston & Maine R. R.,* 77 N. H. 161, Ann. Cas. 1914C, 846, 89 Atl. 487.)

The motion for a new trial is a mere formality and is not required to state the grounds upon which it is made. (*Lish v. Martin,* 55 Mont. 582, 179 Pac. 826; *Times Printing & P. Co. v. Babcock,* 31 Ida. 770, 176 Pac. 776.)

C. A. Bandel, for Respondent.

A motion will be sustained to disregard a statement on motion for new trial when such statement does not specify wherein the evidence is insufficient to support the judgment. (*Robson v. Colson,* 9 Ida. 215, 72 Pac. 951; *Eddelbuttel v. Durrell,* 55 Cal. 277; *Swift v. Occidental Min. etc. Co.,* 7 Cal. Unrep. 23, 70 Pac. 470; Hayne on New Trial & Appeal, pp. 428–431.)

The granting of a new trial on the grounds of the insufficiency of the evidence is addressed to the sound legal discretion of the trial court, and unless there be a clear abuse of such discretion the order will not be disturbed on appeal. (*Wolfe v. Ridley,* 17 Ida. 173, 20 Ann. Cas. 39, 104 Pac. 1014.)

This court will not disturb the judgment of a trial court because of conflict in the evidence when there is sufficient proof if uncontradicted to sustain it. (*Spaulding v. Coeur d'Alene Ry. etc.,* 5 Ida. 528, 51 Pac. 408; *Pine v. Callahan,* 8 Ida. 684, 71 Pac. 473; *Stuart v. Hauser,* 9 Ida. 53, 72 Pac. 719; *Heckman v. Espey,* 12 Ida. 755, 88 Pac. 80; *City of Pocatello v. Bass,* 15 Ida. 1, 96 Pac. 120; *Hufton v. Hufton,* 25 Ida. 96, 136 Pac. 605; *Henry Gold Mining Co. v. Henry,* 25 Ida. 333, 137 Pac. 523; *Commercial Trust Co. v. Idaho Brick Co.,* 25 Ida. 755, 139 Pac. 1004.)

LEE, J.—This action was commenced by appellant corporation to recover upon an instalment note. The cause was tried to a jury, which returned a verdict of no cause of action, and judgment was entered against appellant for costs. This appeal was taken from the judgment, and also from the order denying the motion for new trial. The appeal from the judgment having been dismissed, the cause is here considered upon the appeal from the order overruling the motion for new trial.

The complaint alleges that respondent executed to appellant his note, payable in instalments, and further conditioned that if the payee should deem itself insecure before maturity, it might declare the entire sum immediately due and payable, and that respondent having failed to make payment of the first two instalments, it deemed itself insecure and declared the whole of said note due and payable. The complaint was not verified, and the answer is a general denial and an affirmative plea of part payment. After verdict and judgment for respondent, appellant filed and served its notice of intention to move for a new trial upon the ground of insufficiency of the evidence to justify the verdict, and that the same was against the law, specifying the particulars of such insufficiency.

At the trial, the note was received in evidence without objection, and showed two payments to have been made on the same, totaling less than the first instalment. The witness Taylor, who was the general manager for the appellant company at Rigby, where the note was given, testified that the remainder of the November instalment and all of the December instalment was unpaid, that the respondent had called at the office of the company some time prior to the commencement of the action and declared that he would not pay the note, and if appellant got anything out of him, it would have to bring suit, and otherwise by his demeanor and conversation made it clear that he would refuse to pay said note unless payment was enforced by suit. This testimony relative to the refusal of respondent to pay the remainder of this note, or any part of the same, until com-

pelled to do so by suit, is corroborated by two other witnesses, and is not disputed by respondent, who testified in his own behalf, but confined his testimony in chief to the question of his having been given permission to dispose of a set of harness, which appears to have been one of the articles for which the note in question was given.

The court correctly instructed the jury that the action was to recover a balance which plaintiff claimed to be due on the note introduced in evidence, that by its terms appellant was privileged to declare the same due before maturity and sue upon the same if it deemed itself insecure, that as to whether it had reasonable ground for deeming itself insecure was a question of fact, and that plaintiff could not recover unless the jury found that it had reasonable grounds for deeming itself insecure, or unless some part of the note was due and unpaid at the time suit was commenced.

The jury having returned a general verdict of no cause of action, it cannot be determined whether it intended thereby to find that appellant did not have reasonable ground for deeming itself insecure and that therefore the bringing of the action to recover the entire balance on said note was premature, or whether it intended to find that none of the instalments were past due. In either event, the verdict of the jury is without any substantial support in the evidence, and should have been set aside. The trial court appears also to have taken the view that the verdict was without any substantial support in the evidence, but denied the motion for a new trial for the reason that it failed to specify the particulars in which the evidence was insufficient. In this the court was in error, for while the motion for new trial does not specify the particulars in which the evidence is alleged to have been insufficient to support the verdict, the notice of intention to move for a new trial does so specify the particulars of insufficiency, and this court has held that: "The specification of errors, therefore, because of the insufficiency of the evidence, must be specified in the notice of the motion for a new trial, but is not required to be set forth in any other part or at any other place in the record

upon appeal; and under the provisions of sec. 4443 (now C. S., sec. 6892) heretofore referred to, the notice of motion for a new trial is part of the files in the case, and is therefore a part of the record required to be furnished this court and to be used upon a hearing in this court." (*Kelley v. Clark,* 21 Ida. 231, at 242, 121 Pac. 95; *Times Printing etc. Co. v. Babcock,* 31 Ida. 770, at 775, 176 Pac. 776.)

The motion for a new trial follows after the notice, and may be oral or in writing, and is not required to be in any particular form, or to state the grounds upon which the same is made. (*Kelley v. Clark, supra.*)

While the reasons given by the trial court for denying appellant's motion for new trial are not controlling, the ruling would still be upheld if the final conclusion reached in denying the motion for new trial could be justified upon any other ground. However, a careful inspection of the record shows that there was no substantial conflict in the evidence and that it is insufficient to support the verdict, which is not only contrary to the evidence, but is contrary to the instruction of the court by which the jury were instructed to find for the plaintiff in either of two contingencies; first, if they found that appellant had reasonable ground for deeming itself insecure, or, second, if some part of the note was due and unpaid at the time suit was commenced. As to this last contingency, there can be no question upon this record that a part of the November and all of the December instalment were due and unpaid. Where there is no substantial conflict in the evidence, and the evidence is insufficient to sustain the verdict, it will be set aside. (*Quayle v. Ream,* 15 Ida. 666, 99 Pac. 707.)

The judgment is reversed and a new trial granted, with costs to appellant.

Rice, C. J., and Budge and McCarthy, JJ., concur.