(March 3, 1925.)

F. W. BOAM and O. E. LEMON, Doing Business Under the Firm Name and Style of UCON PRODUCE COMPANY, Appellants, v. J. C. SEWELL, Respondent.

[234 Pac. 153.]

SETTING ASIDE A VERDICT—NEW TRIAL.

1.  The action of a trial court in granting a new trial on its own motion is governed by C. S., sec. 6893, and is a proceeding distinct from a new trial granted on the motion of one of the parties, authorized by C. S., secs. 6887–6891.

2.  The trial court may not set aside a verdict on motion of either party unless such motion complies with C. S., secs. 6887–6891.

3.  A trial court may not set aside a verdict under C. S., sec. 6893, unless it at the same time grants a new trial.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County.   Hon. Ed. L. Bryan, Judge.

Appeal from an order granting defendant's motion to set aside the verdict and vacate the judgment.   Judgment for plaintiff.   *Reversed.*

Buckner & Warren, for Appellants.

The remedy by new trial is a purely statutory right and can be invoked only in the manner, within the time and on the grounds provided by statute.   (*Brockman v. Hall,* 37

Publisher's Note.

1.  Power of court to grant new trial of its own motion, see notes in 14 Ann. Cas. 65; Ann. Cas. 1914A, 412.

Ida. 564, 218 Pac. 188; *Hess v. Swanson,* 36 Ida. 135, 209 Pac. 721; *Howes v. Dols,* 27 Ida. 576, 150 Pac. 38; *Storer v. Heitfeld,* 17 Ida. 133, 105 Pac. 55; *State v. District Court, etc.,* 64 Mont. 181, 208 Pac. 952; *Stevens v. Northwestern Stage Co.,* 1 Ida. 604; *Times Printing Co. v. Babcock,* 31 Ida. 770, 176 Pac. 776; *Ransome-Crummey Co. v. Superior Court,* 188 Cal. 393, 205 Pac. 446; *Occidental Real Estate Co. v. Gantner & Mattern,* 7 Cal. App. 727, 95 Pac. 1042; *Anglo-Nevada Ins. Co. v. Ross,* 123 Cal. 520, 56 Pac. 335; C. S., secs. 6887–6892.)

The only method, other than by motion for new trial, provided by statute for setting aside the verdict, is on the court's own motion as provided in C. S., sec. 6893. (*Merchants' Protective Assn. v. Jacobson,* 33 Ida. 387, 195 Pac. 89.)

The court had no jurisdiction after the entry of final judgment to vacate the verdict and judgment. (*Wyllie v. Kent,* 28 Ida. 16, 152 Pac. 194; *Egan v. Egan,* 90 Cal. 15, 27 Pac. 22; *O'Brien v. O'Brien,* 124 Cal. 422, 57 Pac. 225; *First National Bank of Fresno v. Dusy,* 110 Cal. 69, 42 Pac. 476.)

The power of trial court to vacate or modify judgments at or after the term does not authorize the setting aside of judgment for mere errors of law which might have been corrected by motion for a new trial, but such questions can only be reviewed upon an appeal, in which the facts presented to the trial court are also presented to the appellate court. (*Lawrence v. Corbeille,* 28 Ida. 329, 154 Pac. 495; *McElroy v. Hooper,* 70 Wash. 347, 126 Pac. 925; *In re Jones' Estate,* 116 Wash. 424, 199 Pac. 734; *Clark v. Roman,* 50 Okl. 780, 151 Pac. 479; *First National Bank of Fresno v. Dusy,* 110 Cal. 69, 42 Pac. 476.)

Van de Steeg & Breshears, for Respondent.

The statute specifically gives a court authority to take a case from the jury upon motion for an instructed or directed verdict, and this authority necessarily implies and carries with it, in the absence of specific prohibition or denial thereof, the same right and power, even after verdict has

been rendered, to set aside such verdict in a proper case. (*Coffin v. Hutchinson,* 22 Or. 554, 30 Pac. 424; *Martin v. Ward,* 69 Cal. 129, 10 Pac. 276; *Neeley v. Southwestern Cotton Seed Oil Co.,* 13 Okl. 356, 75 Pac. 537, 64 L. R. A. 145; C. S., sec. 6830; *Casety v. Jamison,* 35 Wash. 478, 77 Pac. 800; *Holt v. Spokane etc. Ry. Co.,* 4 Ida. 443, 40 Pac. 56; *Armijo v. New Mexico Town Co.,* 3 N. M. 427, 5 Pac. 709.)

The court did not err and was clearly within the bounds of its power and judicial discretion in vacating the order sustaining the motion to strike, setting aside the verdict of the jury and vacating the judgment based thereon. (*Moore v. Taylor,* 1 Ida. 630; *Wiggin v. Superior Court,* 68 Cal. 398, 9 Pac. 646; *Kowalsky v. Nicholson,* 23 Cal. App. 160, 137 Pac. 607; *Frost v. Idaho Irr. Co.,* 19 Ida. 372, 114 Pac. 38; *Owen v. Crocker-Huffman Land & Water Co.,* 38 Cal. App. 649, 177 Pac. 299; *People v. Curtis,* 113 Cal. 68, 45 Pac. 180; *Grete v. Knott,* 2 Ida. 13, 3 Pac. 25.)

GIVENS, J.—The plaintiff, produce brokers, in November, 1921, consigned to itself at Nampa, Idaho, a carload of potatoes shipped by it from the eastern part of the state. When the car arrived at Nampa, the plaintiff asked the defendant to sell the potatoes. No sale was made and it was arranged between plaintiff and defendant that defendant would unload the car and store the potatoes in a certain building in Nampa, where the defendant kept his own produce in storage, until such time as a sale or other disposition could be made. The defendant was not the owner of this building, but had the same or a portion thereof leased to January 1, 1922, and the plaintiff had seen the building and knew the place and the conditions surrounding the storage. On January 1, 1922, the potatoes had not yet been disposed of and were still in storage. On that date the defendant's lease expired and he did not renew it, but turned the storeroom back to the lessor, leaving the potatoes exactly as they were. On January 17, 1922, the said warehouse building was totally destroyed by fire, together with its contents, in-

cluding these potatoes. Plaintiff seeks to recover from defendant the value of the potatoes so destroyed on the theory that defendant converted the same when he surrendered his lease on January 1, 1922.

After a denial of a motion for nonsuit the case was submitted to the jury and a verdict was returned in favor of plaintiff on December 13th. Immediately upon the rendition of the verdict in open court, but not in the presence of counsel for plaintiff, defendant made a motion to set aside the verdict. The court reserved ruling upon this motion and on December 26th sustained a motion striking such motion to set aside. On December 28th the court signed a judgment based on the verdict.

On December 30th the court reinstated the motion to set aside the verdict previously made on December 13th, but did not withdraw the judgment signed December 28th. On February 13th the reinstated motion to set aside the verdict was argued and on March 22d sustained, and the judgment signed December 28th was vacated.

The present appeal is from the order sustaining the motion to set aside the verdict and vacating the judgment; respondent's citations with regard to the court's power to direct a verdict or grant a nonsuit are therefore not in point.

The strongest position respondent may take, which is supported by authority, is that the court was authorized at the conclusion of the evidence to either direct a verdict or discharge the jury and enter judgment, if an irregular or insufficient verdict were returned (*Casety v. Jamison*, 35 Wash. 478, 77 Pac. 800), but as said in *Jones v. C. B. & Q. R. Co.*, 23 Wyo. 148, 147 Pac., at 511, a statute of Washington, sec. 4994, Ballinger's Codes, provided for such procedure.

*Helm v. Griffith*, 19 Ala. App. 1, 95 So. 548, at 550, rather supports respondent; however, such ruling and similar holdings of Washington and other states are distinguishable on the basis of their statutory provisions. (*Holt v. Otis Elevator Co.*, 78 W. Va. 785, 90 S. E. 335, L. R. A. 1917A, 1194.)

Respondent urges the right of the trial court to set aside the judgment because it was rendered through inadvertence, but no inadvertence was shown.

"The trial court, having entered an order granting a new trial unless plaintiff should consent to a reduction of the verdict, was without jurisdiction to thereafter, on its own motion, modify the first order by changing the amount of the reduction, on the ground that the mistake was one arising through inadvertence in incorrectly recalling testimony, for such an error is not an inadvertence or oversight as usually construed, and the court having entered the order disposing of the motion for new trial, the matter was *functus officio* and without its jurisdiction (citing Words and Phrases, First Series, Inadvertence, 3489)." (*Owen v. Crocker-Huffman Land & Water Co.*, 38 Cal. App. 649, 177 Pac. 299.)

The question of whether the trial court has the right to enter a judgment *non obstante veredicto* is beside the point because the judgment for plaintiff was entered upon the verdict; no judgment having been entered for the defendant there was no judgment *non obstante veredicto,* and the statement in *Owen v. Crocker-Huffman etc. Co.,* 177 Pac., at p. 300, to the effect that defendant's (in the position of plaintiff herein) right to a new trial was as sacred as plaintiff's (in the position of defendant herein) right . . . . , is pertinent.

C. S., sec. 6893, is authority for the trial court to set aside a verdict and grant a new trial on its own motion. Authority granted under this section is, however, entirely distinct from the granting of a new trial upon the motion of one of the parties authorized by C. S., secs. 6887–6891, inclusive. (*Merchants' Protective Assn. v. Jacobson,* 33 Ida. 387, 195 Pac. 89.)

Under C. S., sec. 6893, when the court of its own motion vacates a verdict a new trial must be granted. The order sustaining the motion setting aside the verdict and vacating the judgment (Transcript, ff. 30–34) was based upon the motion of the defendant and not the court's own motion. If it was based upon the motion of the defendant the court's action was improper, because the only way a defendant may have

a verdict set aside would be by a motion for a new trial in compliance with C. S., secs. 6887–6891, and if the order should have been construed as being upon the court's own motion it would be improper because it did not grant a new trial. (*Brockman v. Hall*, 37 Ida. 564, 218 Pac. 188; *Studebaker Bros. Co. v. Harbert*, 35 Ida. 490, 207 Pac. 587; *Howes v. Dols*, 27 Ida. 576, 150 Pac. 38; *Kelley v. Clark*, 21 Ida. 231, 121 Pac. 95; *Storer v. Heitfeld*, 17 Ida. 113, 105 Pac. 55; *Occidental Real Estate Co. v. Gantner & Mattern*, 7 Cal. App. 727, 95 Pac. 1042.)

"After findings of fact, conclusions of law and decree have been made and filed and judgment thereon entered, they can be changed or modified by the trial court, except in respect of mere clerical errors, only by granting of a new trial." (*Lawrence v. Corbeille*, 28 Ida. 329, 154 Pac. 495.)

The trial court had the right to direct a verdict by granting a nonsuit if the situation warranted such action. (*Armijo v. New Mexico Town Co.*, 3 N. M. 427, 5 Pac. 709, at 714.) Having refused so to do, it could only rectify the matter by granting a new trial.

The motion made on December 13th, since it was not a motion for a new trial, was properly stricken December 26th, and the court had no power to reinstate it on December 30th, consequently the court's action in sustaining the motion and vacating the judgment, on March 22d, was invalid, being based upon no proper premise.

The case should therefore be reversed and the judgment signed December 28th, reinstated, and it is so ordered. Costs awarded to the appellant.

William A. Lee, C. J., Wm. E. Lee and Budge, JJ., concur.