(December 8, 1925.)

F. W. BOAM and O. E. LEMON, Doing Business Under the Firm Name and Style of UCON PRODUCE COMPANY, Respondents, v. J. C. SEWELL, Appellant.

[241 Pac. 1020.]

MOTION TO DISMISS APPEAL—FAILURE TO APPEAL WITHIN TIME—ORDER VACATING JUDGMENT.

An order vacating a judgment but not granting a new trial does not extend the time for appeal from the judgment vacated.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Motion to dismiss appeal. *Dismissed.*

Buckner & Warren, for Respondents.

The effect of a reversal of a judgment, order or decree is to nullify it completely and leave the case standing as if such judgment, order or decree had never been rendered. (4 C. J. 1204, sec. 3249, note 95; *Carpy v. Dowdell,* 131 Cal. 499, 63 Pac. 780; *In re Mitchell,* 126 Cal. 248, 58 Pac. 549.)

No appeal lies from the judgment entered in accordance with the mandate of the supreme court. (*Idaho Comstock Co. v. Lundstrom,* 9 Ida. 785, 76 Pac. 762; *Mountain Home Lumber Co. v. Swartwout,* 33 Ida. 737, 197 Pac. 1027; *Fischer v. Bayer,* 108 Or. 311, 210 Pac. 452, 211 Pac. 162, 216 Pac. 1028; *People v. Van Tassel,* 13 Utah, 9, 43 Pac. 625; *Kimpton v. Jubilee Min. Co.,* 22 Mont. 107, 55 Pac. 918; *Re The Lady Pike,* 96 U. S. 461, 24 L. ed. 672; *Aspen Min. Co. v. Billings,* 150 U. S. 31, 14 Sup. Ct. 4, 37 L. ed. 986.)

The pendency of a motion for a new trial does not extend the time within which to file an appeal from the judgment (*Miller v. Prout,* 32 Ida. 728, 187 Pac. 948; *Walton v. Clark,* 40 Ida. 86, 231 Pac. 713; *Williams v. Long,* 130 Cal. 58, 80 Am. St. 68, 62 Pac. 264; *Gearin v. Portland R. R., etc.,* 62 Or. 162, 124 Pac. 256; *First Nat. Bank v. Chowning,* 95 Okl. 137, 218 Pac. 676; *First Nat. Bank v. Neilsen,* 60 Utah, 227, 208 Pac. 522.)

The motion to vacate the judgment does not extend the time for taking an appeal. (*Hahn v. Astoria Bank,* 63 Or. 1, 125 Pac. 284; *United States v. Fidelity & Deposit Co.,* 155 Fed. 117, 83 C. C. A. 577; *Quinn Chapel, etc., v. Pease,* 66 Ill. App. 552; *Dusing v. Nelson,* 6 Colo. 39; *Hamell v. Bank of Clear Creek,* 7 Colo. App. 472, 43 Pac. 903; *Millar v. Millar,* 51 Cal. App. 718, 197 Pac. 811.)

Van de Steeg & Breshears, for Appellant.

Motion to vacate or set aside a judgment is not inconsistent with and does not bar a pending or subsequent appeal. (*Hampton v. Buchanan,* 50 Wash. 39, 96 Pac. 518; *In re Dye,* 16 N. M. 191, 113 Pac. 839; *In re Flushing Ave.,* 98 N. Y. 445; 15 Cyc. 262, par. B.)

A second appeal, writ of error or other proceeding may lie to review and determine questions which were not and could not be considered by the appellate court on the former proceeding. (3 C. J., sec. 93, p. 346; *Alaska Treadwell Gold Min. Co. v. Cheney,* 162 Fed. 593, 89 C. C. A. 351; 4 C. J., p. 1098, sec. 3077.)

The right to appeal from a judgment entered in a superior court by direction of the appellate court undoubtedly exists. (*Lambert v. Bates,* 148 Cal. 146, 82 Pac. 767.)

A judgment entered by a lower court in compliance with mandate from appellate court is conclusive on a second appeal only as to the particular questions determined upon the first appeal, but is not final or conclusive if the record on the second appeal contains questions which were not before the court on the former appeal. (*Klauber v. San Diego,* 98 Cal. 105, 32 Pac. 876; *Walker v. McGinness,* 9 Ida. 162, 72 Pac. 885; *The New York,* 104 Fed. 561; *Randall v. Duff,* 104 Cal. 126, 43 Am. St. 79, 37 Pac. 803, and 107 Cal. 33, 40 Pac. 20; *Alerding v. Allison,* 170 Ind. 252, 83 N. E. 1006.)

GIVENS, J.—Judgment entered on a verdict December 28, 1922, in favor of respondents was vacated by order of the trial judge March 22, 1923. An appeal taken from that order, *Boam v. Sewell,* 40 Ida. 524, 234 Pac. 153, was not on the merits of the case, but involved solely the order vacating the judgment, wherein this court held as a matter of procedure under the statute that the original judgment could not be vacated in the manner in which it was, and that the same should be reinstated. The *remittitur* was filed in the district court on March 25, 1925, and pursuant

to the directions therein the clerk of said court again entered the same judgment on said date.

From that judgment, so entered pursuant to said *remittitur* on March 25, 1925, the appellant sought to appeal, May 18, 1925.

In *Miller v. Prout*, 32 Ida. 728, 187 Pac. 948, the court had under consideration the following situation: A judgment was entered July 17, 1917, and on April 15, 1918, thereafter, on motion of appellants and others, the court made an order under C. S., sec. 6726, purporting to vacate a portion of the original judgment. Notice of appeal was filed July 9, 1918. The court said the only point involved was whether the appealable time began to run from the date of the rendition of the original judgment on July 17, 1917, or the date of the modification thereof, April 15, 1918, holding to the former. The present appellant, respondent in the former adjudication, had in the lower court, made a motion to set aside a verdict, which that court acted upon, granting the motion wholly without right or authority of law. This being error, the former judgment stood as if it had never been disturbed. (*Christerson v. French*, 180 Cal. 523, 182 Pac. 27; *Hull v. West Chicago Park Commrs.*, 185 Ill. 150, 57 N. E. 1; *Hester v. Baskin* (Tex. Civ. App.), 184 S. W. 726; *Jones v. Hancock & Sons*, 117 Va. 511, 85 S. E. 460, 3 A. L. R. 126; *Kinsella v. DeCamp*, 15 Ohio C. C. 494; 2 Freeman on Judgments, 4th ed., sec. 381; 4 C. J. 1205, sec. 3249, n. 10; 34 C. J. 390, sec. 600, n. 51.)

Appellant had a right to appeal or move for a new trial before or at the time he moved to set aside the verdict. On such motion he might have secured a new trial or, on appeal from a denial thereof, have had it determined that he was entitled to one. He chose not to do this but to make a motion, unfounded and ungrounded in the statute, which proved on appeal to have been erroneous. In the meantime, his time to appeal from the judgment expired, and he cannot now appeal more than ninety days after the rendition of the original judgment. This is especially true considering the record in this case, that from the date of entry of the judgment, December 28, 1922, until March 22, 1923, a period

of eighty-four days, he did not appeal from the judgment which he concedes was then in existence; nor when the *remittitur* went down from this court on March 25, 1925, did the appellant attempt to appeal from such judgment until May 18, 1925, a further period of fifty-four days, during all of which time, even on appellant's contention, the judgment was in effect. In other words, having exhausted eighty-four days out of ninety days without appealing, he should be willing to concede that he had but six days left after the *remittitur* was lodged in the lower court in which to appeal.

This court has no jurisdiction of the appeal and it should therefore be dismissed, and it is so ordered. Costs awarded to respondents.

William A. Lee, C. J., and Taylor, J., concur.

Budge, J., took no part in the opinion.

WM. E. LEE, J., Dissenting.—On December 14, 1922, a verdict was rendered in favor of respondent. Judgment was not entered within the twenty-four hour period (C. S., sec. 6895), for the reason that the court reserved the matter for further argument. The judgment appears in full in the transcript and bears date "Done in open court, this 25th day of December, 1922. Ed. L. Bryan, District Judge." The only notation by the clerk is: "Offered for filing 12–15–22. Rose Edwards, Clerk, by B. L. Newell, Deputy." The day after the rendition of the verdict, the judgment, not yet signed, was presented to the clerk for filing; and, doubtless because the judgment had not then been signed by the judge, the clerk did not file it, but made the above notation, "offered for filing." It appears from the judgment that it was not signed by the judge until ten days after it had been offered for filing. After the judgment was signed by the judge, it does not appear that, according to C. S., sec. 6899, it was ever "deposited in the office of the clerk of the court for entry" or that the clerk ever indorsed "upon such judgment the date of the filing

of the same under or following the word 'entered.' '' The judgment does not show that it was filed for entry or entered prior to the going down of the *remittitur*, referred to in the majority opinion, on March 22, 1925. Conceding that it was then duly entered, as the majority opinion says it was, the notice of appeal was filed on May 18, 1925, within ninety days of the entry of the judgment. This court, therefore, has jurisdiction to hear and determine the matter, and the appeal should not be dismissed. The fact that this judgment had never been entered was not brought to our notice when the case was here before. We ordered the judgment ''reinstated,'' which, according to the Standard Dictionary, means restored to its former station. The judgment had not been deposited for entry or filed or entered, but had merely been signed by the trial judge. The fact that counsel recited in his brief that the judgment had been entered is of no consequence. The jurisdiction of this court to hear and determine a cause is not controlled by the views of counsel.